Gloria PARKER, Plaintiff-Appellant,

v.

BROADCAST MUSIC, INC., Defendant-Appellee.

No. 331, Docket 26782.

United States Court of Appeals
Second Circuit.

Argued April 17, 1961.

Decided April 27, 1961.

Archibald Palmer, New York City, for plaintiff-appellant.

Rosenman, Colin, Kaye, Petschek & Freund, New York City (Lawrence R. Eno, Milton Adler, Harold S. Levy, New York City, of counsel), for defendant-appellee.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

WATERMAN, Circuit Judge.

This copyright infringement action was commenced on July 23, 1957. On September 5, 1957 issue was joined. In the fall of that year defendant started to take the deposition of plaintiff, and in the course of that deposition proceeding plaintiff refused to answer certain questions and refused to produce certain requested documents. Defendant then moved to compel plaintiff to answer the unanswered questions and to compel the production of the desired documents. When this motion was heard in November 1957, plaintiff's then attorney, in plaintiff's presence, consented to part of the motion and agreed that plaintiff would produce some of the requested documents and would answer some of the questions. In January 1958 the district judge issued his order directing the plaintiff to answer the questions counsel had agreed would be answered and also additional ones. There was no progress after this date, and, finally, in October 1959, the case was called on the Review Calendar under General Rule 21 of the Southern District's Rules. Counsel were present. On October 14 Chief Judge Ryan directed that the action would be dismissed without further notice for failure to prosecute it unless plaintiff filed a note of issue for trial or took other action to determine the issues within six months of that date.

**314**

On April 14, 1960, the day this six months' period expired, plaintiff's attorney notified defendant's attorneys that he had withdrawn from the case and that he had advised plaintiff to secure other counsel. Thereupon an order issued, dated April 20, 1960, by which the dismissal was stayed and plaintiff was given an additional 30 days in which to secure other counsel or otherwise prepare to proceed with her case.

Nothing was done during the 30 day extension period and the action was dismissed on May 24, 1960. On December 13, 1960 plaintiff, represented by new counsel, her present counsel, moved to vacate the dismissal order of May 24, 1960. This motion was denied by Chief Judge Ryan on December 30, 1960. A motion made January 4, 1961 to vacate the order of December 30, 1960 was likewise denied by his order of January 24, 1961. From the orders denying these two motions plaintiff appeals.

■■ It is conceded that the extent of our review is limited to an inquiry into whether Chief Judge Ryan abused his discretion. A motion under Rule 60(b), Fed.Rules Civ.Proc., 28 U.S.C.A., to vacate a judgment is addressed to the sound discretion of the court that entered the judgment, and a determination of such a motion will not be disturbed upon appeal unless there has been a clear abuse of judicial power.

■ An examination of the record discloses that after her 1957 action was dismissed on May 24, 1960, plaintiff commenced two new actions in June in which she alleged against the defendant the same claims she alleged against it in the dismissed action. In these new cases she named an additional defendant. In view of the commencement of these two new suits in June it would seem, as Chief Judge Ryan appears to have believed, that plaintiff was aware, or should have been aware, of the May dismissal of her 1957 action despite her claim that her attorney had withheld that knowledge from her. We cannot say that Chief Judge Ryan acted arbitrarily when he

decided that plaintiff failed to sustain the burden required under Rule 60(b) (1) to show that she should be relieved from the dismissal order because of "mistake, inadvertence, surprise, or excusable neglect."

Plaintiff advances the contention that, irrespective of Rule 60(b) (1), plaintiff should have prevailed below because the conflicts between her affidavits and the statements of her former counsel justify relief from the operation of the judgment of dismissal (Rule 60(b) (6)); or that, at the very least, the court below should have taken testimony with respect thereto before denying the motion made in December to vacate the dismissal order made in the previous May.

Under the circumstances here we find no merit applicable to the present appeal in either of these contentions.

The orders are affirmed.