**Sidney O. SAMPSON, Plaintiff-Appellant,**

v.

**SONY CORPORATION OF AMERICA,**
**Defendant-Appellee.**

**No. 132, Docket 34591.**

United States Court of Appeals,
Second Circuit.

Submitted Oct. 21, 1970.

Decided Nov. 10, 1970.

Sidney O. Sampson, pro se.

Lewis H. Eslinger, Curtis, Morris & Safford, Garo A. Partoyan, New York City, for defendant-appellee.

Before WATERMAN, FRIENDLY and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

On April 18, 1967, appellant Sampson was granted U.S. Patent No. 3,315,041 (hereinafter referred to as '041) for "Track Selection Control Means for Magnetic Signal Recording and Reproducing Systems." In May 1967 Sampson filed suit in the United States District Court for the Southern District of New York against the Radio Corporation of America (RCA) for alleged infringement of '041. The present suit against Sony Corporation of America (Sony) was commenced in September 1967 and it raises essentially the same issues as those raised in the *RCA* case. A third suit, filed against Ampex Corporation (Ampex), was commenced in October 1968.

RCA moved for summary judgment in its case, and Sampson and Sony entered into the following stipulation, dated September 26, 1968:

It is stipulated and agreed, by and between the parties to this action that they will be bound in all respects as to all issues raised and joined in this ac-

tion by the decision and opinion of the United States District Court for the Southern District of New York, Honorable Edward C. McLean, District Judge, on the pending motion of defendant Radio Corporation of America for a summary judgment in the case of Robot Education Systems, Inc. and Sidney O. Sampson v. Radio Corporation of America, 67 Civil 1818. \* \* \*

Judge McLean granted summary judgment for RCA on the ground that the '041 patent was invalid under 35 U.S.C. § 102(b) because of Sampson's own publication of the alleged invention more than one year prior to the earliest effective application filing date.

Sampson moved for reargument in the *RCA* case, and an additional stipulation, dated November 12, 1968 and signed by Judge Cannella, was entered into by Sampson and Sony. This second stipulation read:

> It is stipulated and agreed by and between the parties to this action, this honorable Court consenting, that inasmuch as the United States District Court for the Southern District of New York, in a decision and opinion entered October 25, 1968 by the Honorable Edward C. McLean, in Robot Education Systems, Inc. and Sidney O. Sampson v. Radio Corporation of America, 67 Civil 1818 has, on a Motion for Summary Judgment, held the patent in the present suit to be invalid, such decision and opinion being binding on the present parties by reason of a stipulation, a copy of which is attached hereto and whereas a "Motion for Reargument" and "Supplementary Argument to Plaintiff's Memorandum filed November 1, 1968" have been filed on November 1, 1968 and November 6, respectively, in 67 Civil 1818;
>
> That the effective date of the pretrial order by the Honorable Sidney Sugar-

man, Chief Judge, entered on September 18, 1968, be postponed until June 1, 1969 \* \* \* \* \*

On December 3, 1968, Judge McLean denied Sampson's motion for reargument in the *RCA* case, and an appeal to this court was filed, but because of a settlement between Sampson and RCA with respect to '041 and eight other patents not in suit, the appeal was not perfected.

On May 29, 1969, Sony, relying on the initial stipulation, moved under Rule 12(c), Fed.R.Civ.P. to dismiss the complaint in the present action. Sampson, apparently in an attempt to undercut Sony's motion, filed a motion under Rule 60(b), Fed.R.Civ.P., to vacate the judgment in the *RCA* case. Judge Ryan denied Sampson's motion to vacate the *RCA* judgment and, on the basis of the initial stipulation, dismissed the complaint against Sony. Appeals were taken from both orders, but have been treated separately by this court. We are here concerned solely with the order dismissing Sampson's complaint in the *Sony* case.[1]

Sampson contends that inasmuch as the initial stipulation was not filed with the court it was, and is, ineffective, that it was superseded and nullified by the November 12 stipulation, that Sony is barred by laches from invoking the initial stipulation, and that, in any event, alternatively, the November 12 stipulation postpones the binding effect of the initial stipulation until the ultimate disposition of the *RCA* case. We find all these arguments to be without merit and we affirm the dismissal below.

 Sampson's first contention is that the initial stipulation is ineffective because it was not filed with the district court as required by General Rule 6 of the Southern District. However, General Rule 6 merely sets forth requirements for papers which are received for filing; it says nothing about which pa-

---

1. The *Ampex* case has been stayed by the district court pending the decisions in this appeal and in the appeal from Judge Ryan's order denying Sampson's motion to vacate the *RCA* judgment.

pers need to be filed. Nor has Sampson directed us to any other rule which would require that a stipulation be filed with the court in order to be effective to bind the persons entering into it.

 Turning to an analysis of both stipulations, we find that neither the wording nor the circumstances of the November 12 stipulation can be taken to nullify the binding effect of the initial stipulation. To the contrary, the second stipulation makes specific reference to the initial stipulation and states that the initial stipulation is binding on the parties. Nor does the November 12 stipulation delay the binding effect of the initial stipulation until the final disposition of the *RCA* case, whenever that might be.[2] It merely postpones the effective date of the pretrial order until a set date in the future and appears to be a concession by Sony not to invoke the initial stipulation while Sampson's motion for reargument in the *RCA* case was pending, provided that such motion was settled by June 1, 1969. While we appreciate the fact that Sampson has prosecuted these actions *pro se*, we cannot distort the unambiguous language of the stipulations in order to correct appellant's failure to consider all possible contingencies when the stipulations were drafted.

Sampson also contends that since Sony chose to enter into the November 12 stipulation instead of moving immediately for dismissal after the entry of summary judgment in the *RCA* case, Sony is barred by laches from invoking the initial stipulation. This argument overlooks both the wording of the November 12 stipulation and the apparent equitable motives of Sony in delaying its invocation of the initial stipulation while Sampson's motion for reargument was

pending in the *RCA* case. Also, for Sony to be barred by laches, Sampson must show that he was prejudiced by Sony's failure to invoke the initial stipulation before the November 12 stipulation. This he has not done.[3]

Finally, Sampson's reliance on Nickerson v. Kutschera, 419 F.2d 983, (3 Cir. 1969), is misplaced. In that case, though the court held that collateral estoppel did not apply against a plaintiff who sued a second defendant for infringement of a patent which had been held invalid in litigation between the plaintiff and a previous defendant, there was no stipulation between the parties as there was here that a judgment in the one case would have binding effect in the other.

Affirmed.

2. Indeed, "final disposition" would seem to be limited to attacks on the judgment by means of direct appeal, an avenue which is no longer available to Sampson.

3. Although Sampson has not raised the point of possible prejudice resulting from his failure to perfect his appeal from the RCA judgment, we note in passing that this failure was not caused by any delay on the part of Sony in invoking the initial stipulation. Sampson had full knowledge of the November 12 stipulation when he settled with RCA, and we cannot place on Sony the burden of Sampson's oversight in neglecting to see the effect of the RCA settlement on his case against Sony.