**Sidney O. SAMPSON, Plaintiff-Appellant,**

v.

**RADIO CORPORATION OF AMERICA, Defendant-Appellee.**

**No. 155, Docket 34592.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 9, 1970.

Decided Nov. 10, 1970.

---

Sidney O. Sampson, pro se.

John Farley, New York City, A. Russinoff, Princeton, N. J., for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and ANDERSON, Circuit Judges.

WATERMAN, Circuit Judge:

This is a companion appeal to Sampson v. Sony Corporation, 434 F.2d 312 (2 Cir. 1970). Although the facts have been set out in more detail in *Sony*, the facts relevant to the present appeal will be repeated.

On April 18, 1967 Sampson was granted U.S. Patent No. 3,315,041 (hereinafter referred to as '041) for "Track Selection Control Means for Magnetic Signal Recording and Reproducing Systems." In May 1967 Sampson instituted the present action against Radio Corporation of America (RCA) for alleged infringement of '041. RCA moved for summary judgment, and summary judgment was granted by Judge McLean on the ground that the '041 patent was invalid under 35 U.S.C. § 102(b) because of Sampson's own publication of the al-

leged invention more than one year prior to the earliest effective application filing date. Sampson moved for reargument, his motion was denied by Judge McLean, and an appeal to this court was filed. However, because of a settlement between Sampson and RCA with regard to '041 and eight other patents not in suit, the appeal was dismissed.

In addition to suing RCA Sampson had also filed separate actions against Sony Corporation of America (Sony) and Ampex Corporation for alleged infringement of '041, and he had entered into a stipulation with Sony which provided that those parties would be bound by Judge McLean's decision on RCA's motion for summary judgment. When Sony invoked the stipulation to dismiss Sampson's complaint against it, Sampson moved in the district court below by motion under Rule 60(b), Fed.R.Civ.P., to vacate the judgment entered against him in the present case. Judge Ryan denied Sampson's motion to vacate the RCA judgment and granted Sony's motion to dismiss Sampson's complaint against Sony. Both orders were appealed, and the correctness of the order dismissing Sampson's complaint against Sony is decided in Sampson v. Sony Corporation, *supra*. The present appeal deals solely with Judge Ryan's denial of the motion to vacate the judgment for RCA.

■■■ Sampson's briefs are devoted to attacking Judge McLean's grant of summary judgment for RCA. However, as the authorities clearly indicate,[1] the only issue before this court on an appeal from the denial of a motion to vacate a

judgment under Rule 60(b) is whether the district court has abused its discretion in denying the motion. On this point Sampson argues that the stipulation in the *Sony* case and the pendency of the *Ampex* case[2] make a vacation of the RCA judgment critical to his fortunes in those cases. In Sampson v. Sony Corporation, we held that the wording of the stipulation between Sampson and Sony was such as to make the present collateral attack on the RCA judgment irrelevant to the outcome of the *Sony* case. In any event, both the Sony stipulation and the *Ampex* case should have been in Sampson's contemplation when he settled the initial appeal in this RCA case from the entry of summary judgment. A motion under Rule 60(b) cannot be used to avoid the consequences of a party's decision to settle the litigation or to forego an appeal from an adverse ruling.[3]

■■■ Sampson also contends that the settlement with RCA establishes the validity of '041 despite Judge McLean's decision inasmuch as, he states, no business would pay for a license to a patent which was an invalid patent. This contention overlooks the fact that eight other patents were involved in Sampson's settlement with RCA, and the fact that settlements are often reached for economic reasons and not because of concessions on legal issues.[4]

We express no opinion on the merits of Sampson's suit against Ampex.

We find that the trial court did not abuse its discretion in denying Sampson's motion, and we affirm the order below.

1. Hines v. Seaboard Air Line Railroad Co., 341 F.2d 229, 232 (2 Cir. 1965); Wagner v. United States, 316 F.2d 871, 872 (2 Cir. 1963); Parker v. Broadcast Music, Inc., 289 F.2d 313, 314 (2 Cir. 1961).

2. The *Ampex* case has been stayed by the district court pending the decision in this appeal and the appeal in Sampson v. Sony Corporation.

3. Ackermann v. United States, 340 U.S. 193, 197–200, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Weilbacher v. J. H. Winchester & Co., 197 F.2d 303 (2 Cir. 1952).

4. See Cleveland Trust Co. v. Osher & Reiss, 109 F.2d 917, 922 (2 Cir. 1940); Ruben Condenser Co. v. Copeland Refrigeration Corp., 85 F.2d 537, 540–541 (2 Cir. 1936), cert. denied, 300 U.S. 665, 57 S.Ct. 508, 81 L.Ed. 873 (1937).