**John P. PETRY**

v.

**GENERAL MOTORS CORPORATION, CHEVROLET DIVISION.**

**Civ. A. No. 32119.**

United States District Court,
E. D. Pennsylvania.

March 21, 1974.

Edward L. Wolf, Kolsby & Wolf, Philadelphia, Pa., for plaintiff.

W. Bradley Ward, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GORBEY, District Judge.

Plaintiff has moved this court to remove a stipulation of dismissal and order approving same and to reinstate the original complaint and place the captioned-matter on the current trial list. Defendant has responded to this motion by way of a motion to dismiss the plaintiff's motion. The narrow issue currently before this court is whether Rule 60(b) of the Federal Rules of Civil Procedure bars plaintiff's motion to set aside the stipulation of dismissal.

The original complaint in this action was filed in 1962. In that complaint, plaintiff sought to recover damages for permanent injuries suffered by exposure to carbon monoxide fumes from an allegedly defective heating system in a 1961 Chevrolet Corvair Greenbriar automobile. On October 12, 1966, a stipulation of dismissal with prejudice was filed and an order approving same was entered. This stipulation was based on an agreement of settlement in which the plaintiff agreed to release the defendant from all claims, and the defendant paid the plaintiff an amount of $125,000. Plaintiff now seeks to remove that stipulation of dismissal and the approving order. Plaintiff now alleges that it has recently been discovered that the defendant, General Motors Corporation, falsely answered interrogatories put to them by the plaintiff, and that plaintiff's reliance on those answers was the basis for entering into the settlement agreement.

The allegedly false answers primarily revolved around two questions. One, plaintiff had asked whether the defendant had received any other complaints along the lines of plaintiff's claim (i. e., engine fumes in the passenger compartment), defendant admitted to having only one complaint or customer notification of dangers or problems in the heating system. Plaintiff maintains that since 1966, General Motors has disclosed that, in fact, they had had somewhere in the neighborhood of five thousand such complaints. The second area revolved around plaintiff's request for any test data concerning engine fumes (i. e., carbon monoxide levels) into the passenger compartment. The defendant responded that they had no such data. Plaintiff alleges that subsequent information has revealed that such test data did in fact exist and was in defendant's possession.

The case at bar brings into sharp focus the purpose and application of Rule 60(b) of the Federal Rules of Civil Procedure.[1] It appears to this court that the present motion falls squarely within Rule 60(b)(3), and, as such, any claims pursuant to this section are barred if not brought within one year of the entry of such judgment. The plaintiff argues that his motion falls within Section (b)(6) of Rule 60 or that the fraud was a fraud upon the court, and would thus not be subject to the one year limitation, but would have to be brought pursuant to Rule 60(b) within a reasonable time.

■ Rule 60(b)(6) is not applicable since it does not authorize relief for the reasons enumerated in Rule 60(b)(1) through (5). Federal Deposit Insurance Corporation v. Alker, 234 F.2d 113 (3d Cir. 1956); United States v. Failla, 164 F.Supp. 307 (N.J.1958); See 7 Moore's Federal Practice, ¶ 60.27(1).

Plaintiff relies heavily on the Supreme Court decision in Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). However, even in that case the Court recognized that a motion under Rule 60(b)(6) must be for a ground "other" than the grounds in Sections (1) to (5). The

Court stated at pages 614–615, 69 S.Ct. at page 390:

"In simple English, the language of the 'other reason' clause, *for all reasons except the five particularly specified,* vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." [emphasis added]

There are no "extraordinary circumstances" in this case which would justify the application of Rule 60(b)(6). See Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

■ The conduct complained of, if true, would constitute fraud, misrepresentation or misconduct by the adverse party, thus falling within Section (b)(3) of Rule 60. The only question is, does the conduct rise to the level of fraud upon the court; if so, removing it from the one year limitation.

Thus, we must decide if providing false or misleading answers to interrogatories constitutes fraud upon the court. Plaintiff urges that because the settlement figure of $125,000 was based upon a recommendation of the court, and was accepted after a lengthy settlement con-

1. "(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); *(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;* (4) the judgment is void; (5) the judgment has been satisfied released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the oper- ation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.* A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." [emphasis added]

ference with the court, that there was fraud upon the court.

The Supreme Court in the case of Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944) discussed the problem of opening up a judgment where there has been fraud in obtaining that judgment. In that case, the defendant, Hartford-Empire Co., in order to enhance its application for a patent, caused a fictitious article to be published in trade journals. They caused a noted expert in the field to state that he was the author of the article when, in fact, defendant's attorney authored the article. In pursuing their application for the patent, defendants relied heavily upon the article in support of its position that their patent application in fact constituted new art. In subsequent litigation involving the validity of the patent, the defendants, in argument before the Third Circuit Court of Appeals, relied very heavily upon the article in question, it having been made part of the "file wrapper" of the patent which was issued to the defendant. The Third Circuit in its opinion upholding defendant's position, also relied upon the article. Sixteen years later, upon discovering the fraud, plaintiffs moved to overturn the judgment. The Supreme Court held that the judgment should be vacated, stating at page 247, 64 S.Ct. at page 1002:

"We have, then, a case in which undisputed evidence filed with the Circuit Court of Appeals in a bill of review proceeding reveals such fraud on that Court as demands, under settled equitable principles, the interposition of equity to devitalize the 1932 judgment despite the expiration of the term at which that judgment was finally entered."

In so holding, the Supreme Court reversed the Circuit Court which had held that once the term in which the case was decided had expired, they were without power to open up the judgment.

There are two important factors to note about the Hazel-Atlas case. First, the case was decided prior to the adoption of the current Rule 60(b), and, second, the Court in Hazel-Atlas specifically distinguished that case from a case where a witness may have perjured himself, stating at page 245, 64 S.Ct. at page 1001:

"This is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after discovered evidence, is believed possibly to have been guilty of perjury. Here, even if we consider nothing but Hartford's sworn admissions, we find a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals."

The cases decided since the adoption of the present Rule 60(b) appear to make the same distinction. The case of Lockwood v. Bowles, 46 F.R.D. 625 (D. C.1969) held that perjury of a witness does not constitute fraud upon the court within the meaning of Rule 60(b) and thus a motion to open up a judgment is barred by the one year statute of limitations contained in Rule 60(b).

In the Lockwood case, the district court was presented with a situation where it was alleged that a judgment obtained in 1954 was based on the perjured testimony of one of the plaintiffs, and in reliance on that testimony, the defendants were induced not to defend the suit. The court conducted the trial without opposition from the defendants and based on the allegedly perjured testimony the court made findings and conclusions, granting judgment for the plaintiffs. Fourteen years later, the defendants attempted to open up the judgment, alleging, *inter alia,* that there was fraud upon the court. In discussing this issue, the court stated at page 631:

"In addition, it has been said that '[i]n order to set aside a judgment or order because of fraud upon the court under Rule 60(b), . . . it is nec-

essary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.' Courts have found fraud upon the court only where there has been the most egregious conduct involving a corruption of the judicial process itself. Examples are bribery of judges, employment of counsel to 'influence' the court, bribery of the jury, and the involvement of an attorney (an officer of the court) in the perpetration of fraud. None of these are here alleged.

. . . we believe the better view to be that where the court or its officers are not involved, there is no fraud upon the court within the meaning of Rule 60(b). The possibility of a witness testifying falsely is always a risk in our judicial process, but there are safeguards within the system to guard against such risks. The most basic of these is cross-examination of witnesses, a right which defendants waived in the instant case by not appearing at the 1954 trial and by relinquishing their right to defend. Defendants should not now, in the guise of 'fraud upon the court,' be allowed to question the credibility of a witness whom they declined even to cross-examine at the 1954 trial."

We believe that the same rationale applies to the case at bar. See also Kupferman v. Consolidated Research And Manufacturing Corp., 459 F.2d 1072 (2d Cir. 1972).

If perjured testimony does not rise to the level of fraud upon the court, it cannot be said that false answers to interrogatories should be given such status.

The policy grounds for Rule 60(b) are clear, there must be an end to litigation. This is particularly so in a case where the parties elected to settle, as opposed to running the risks and expense of trial. See Sampson v. Radio Corporation of America, 434 F.2d 315 (2d Cir. 1970). If plaintiff has any rights to re-

dress, it is in another suit for the separate wrong of fraud, it cannot lie in an action to reopen the original judgment. We state no opinion as to whether or not plaintiff has any rights to bring a separate action based on the wrong alleged. While the result may seem harsh and our sympathies may lie with the plaintiff, we cannot circumvent the rules. Accordingly, defendant's motion to dismiss plaintiff's motion to set aside the judgment will be granted.