104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
James DUNLAP-MCCULLER, Plaintiff-Appellant,
v.
The RIESE ORGANIZATION, Defendant-Appellee,
Ian GAZES, Trustee-Appellee,
Kevin Geoghegan, Mary Geoghegan, Movants.
 No. 96-7308.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1996.
 
 Appeal from the United States District Court for the Southern District of New York.
 Appearing for Appellant: James Dunlap-McCuller pro se, Flushing, N.Y.
 Appearing for Defendant-Appellee: Richard L. Steer, Davidoff & Malito, N.Y., N.Y.
 Appearing for Trustee-Appellee: Greg M. Zipes, N.Y., N.Y.
 S.D.N.Y.
 DISMISSED.
 Before KEARSE, WINTER and ALTIMARI, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by plaintiff pro se and by counsel for the trustee.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed.
 
 
 3
 Plaintiff pro se James Dunlap-McCuller appeals from a February 15, 1996 order of the United States District Court for the Southern District of New York, John S. Martin, Jr., Judge, denying his motion for reconsideration of orders ruling that movants Kevin and Mary Geoghegan ("the Geoghegans") are not entitled to the payment made by defendant The Riese Organization ("Riese") in settlement of Dunlap-McCuller's lawsuit against Riese and that the proceeds are part of Dunlap-McCuller's bankruptcy estate and hence belong to the bankruptcy trustee. Dunlap-McCuller also purports to appeal from the orders dated July 17 and July 21, 1995, respectively, of which reconsideration was denied. He argues that, prior to his insolvency, he validly assigned to the Geoghegans his right to the Riese payment, and that the payment from Riese following his insolvency belongs to the Geoghegans and should not be part of his bankruptcy estate. For the reasons stated below, we dismiss the appeal in part for lack of appellate jurisdiction and in part for lack of standing.
 
 
 4
 Insofar as Dunlap-McCuller challenges the district court's orders dated July 17 and July 21, this Court lacks appellate jurisdiction because there was no timely notice of appeal from those orders. The district court's final order rejecting Dunlap-McCuller's assignment contention was entered on the docket on July 27, 1995; Dunlap-McCuller's motion for reconsideration was not served before August 22, 1995. Since it was not served within 10 days of entry of the final order, see Fed.R.Civ.P. 59(e), the motion was not one pursuant to Rule 59 and is properly viewed as a motion to vacate pursuant to Fed.R.Civ.P. 60(b). A Rule 60(b) motion does not extend the time to appeal, and an appeal from an order denying such a motion brings up for review only the denial of that motion and not the merits of the underlying order for errors that could have been asserted on direct appeal. See, e.g., Browder v. Director, Department of Corrections, 434 U.S. 257, 263 n. 7 (1978); Sampson v. Radio Corporation of America, 434 F.2d 315, 317 (2d Cir.1970). To the extent that Dunlap-McCuller purports to appeal from the orders dated July 17 and July 21, 1995, his notice of appeal, filed in March 1996, is untimely, see Fed. R.App. P. 4(a)(1) (30-day period in which to appeal), and we therefore dismiss that part of the appeal for lack of appellate jurisdiction, see, e.g., Browder v. Director, Department of Corrections, 434 U.S. at 264-65.
 
 
 5
 Insofar as Dunlap-McCuller challenges the February 15, 1996 order denying reconsideration, his appeal is timely, but we conclude that the appeal must be dismissed because Dunlap-McCuller lacks standing to object to that order. Ordinarily, a party to a lawsuit has no standing to appeal an order unless he can show some basis for arguing that the challenged action causes him a cognizable injury, i.e., that he is "aggrieved" by the order. See generally Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 333, 335 (1980); Singleton v. Wulff, 428 U.S. 106, 113-14 (1976) ("Federal courts must hesitate before resolving a controversy ... on the basis of the rights of third persons not party to the litigation.... [T]hird parties themselves usually will be the best proponents of their own rights."). If the district court's ruling were erroneous, the Geoghegans would have the right to the Riese payment. If the district court's ruling is correct, the bankruptcy trustee has the right to the Riese payment. In neither instance would Dunlap-McCuller have the right to that payment. Dunlap-McCuller's contention that the proceeds of the Riese payment belong to the Geoghegans is a claim properly asserted only by the Geoghegans, who did not file a timely notice of appeal from the district court's order. Accordingly, we dismiss Dunlap-McCuller's appeal from the order denying reconsideration on the ground that he lacks standing to challenge that order.
 
 
 6
 We have considered all of Dunlap-McCuller's arguments in support of his standing to pursue this appeal and have found them to be without merit. The appeal is dismissed.