104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Bart SCHWARTZ, also known as Vertical Import Co., Plaintiff-Appellant,
v.
Denice LIBERMAN, Wallace Liberman, Capital Liquidators,
Inc., Defendants-Counterclaimants-Appellees.
 No. 96-7518.
 United States Court of Appeals, Second Circuit.
 Dec. 23, 1996.
 
 1
 Appeal from the United States District Court for the Southern District of New York.
 
 
 2
 Appearing for Appellant:Bart Schwartz pro se, N.Y., N.Y.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before KEARSE and CABRANES, Cirrcuit Judges and KELLEHER, District Judge*.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by plaintiff pro se.
 
 
 7
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the orders of said District Court dated April 5 and April 18, 1996, be and they hereby are affirmed.
 
 
 8
 Plaintiff pro se Bart Schwartz, who, in a civil case commenced by him, was subjected to a civil sanction in the district court in 1992 and was thereafter convicted of perjury in connection with the submission of false documents in that case, appeals from two April 1996 orders of the United States District Court for the Southern District of New York, Michael B. Mukasey, Judge, denying reconsideration of orders entered in 1991 and 1992 that denied Schwartz's requests for the names and addresses of the jurors in his civil case. Schwartz also apparently purports to appeal from the underlying orders and/or from other orders entered in 1992. For the reasons that follow, we conclude that the present appeal is frivolous. We affirm the April 1996 orders and dismiss for lack of jurisdiction so much of the appeal as seeks review of the earlier orders.
 
 
 9
 The denials of Schwartz's 1996 motions for reconsideration are reviewable only for abuse of discretion. See, e.g., Sampson v. Radio Corporation of America, 434 F.2d 315, 317 (2d Cir.1970). It is well established that, in order to protect jurors from harassment, a district judge has the power to limit posttrial investigation of jurors. See, e.g., United States v. Calbas, 821 F.2d 887, 896 (2d Cir.1987), cert. denied, 485 U.S. 937 (1988); United States v. Moten, 582 F.2d 654, 665 (2d Cir.1978). Given the circumstances of this litigation and the absence of any allegation by Schwartz of facts suggesting the possibility of improper influence, the district court's denials of Schwartz's 1996 motions for reconsideration of its 1991 and 1992 denials of his requests for juror information was not an abuse of discretion.
 
 
 10
 To the extent that Schwartz purports to appeal from the orders entered by the court in 1991 or 1992, his appeal is untimely, see Fed. R.App. P. 4(a), and we lack appellate jurisdiction to review those orders. See generally Browder v. Director, Department of Corrections, 434 U.S. 257, 263 n. 7 (1978).
 
 
 11
 We have considered all of Schwartz's arguments on this appeal to the extent that they are properly before us and have found them to be frivolous. So much of the appeal as seeks review of any order entered more than 30 days prior to the filing of his notice of appeal on April 25, 1996, is dismissed. The April 5 and 18, 1996 orders of the district court are affirmed.
 
 
 12
 Schwartz has also moved for sanctions against defendants for, inter alia, failing to file a brief on appeal. That motion is frivolous and is denied.
 
 
 13
 Schwartz is a frequent litigant in this Court and has recently been ordered to show cause in another appeal why a $3,000 sanction should not be imposed on him for that frivolous appeal, and he has been warned that he may be subjected to a requirement that he obtain the permission of this Court before making further filings against the appellee therein. See Schwartz v. Nordstrom, Inc., No. 96-7382 (2d Cir. Dec. 9, 1996). In light of the frivolous nature of the present appeal and the present motion, Schwartz is hereby warned that the further filing of frivolous motions or frivolous appeals in this Court may result in the imposition of further sanctions on him and/or an order prohibiting him from any further filings in this Court without first obtaining leave of this Court.
 
 
 
 *
 Honorable Robert J. Kelleher, of the United States District Court for the Central District of California, sitting by designation