**Cliff GREENE, Plaintiff–Appellant,**

**v.**

**WCI HOLDINGS CORPORATION, J.R. Birle, Co–Chairman, R.B. McKeon, Co–Chairman, S.A. Schwartzman, President and CEO, WCI Holdings II Corporation, Defendants–Appellees.**

No. 00–7240.

United States Court of Appeals, Second Circuit.

Jan. 17, 2001.

Cliff Greene, Brooklyn, NY, pro se.

Caroline S. Press, N.Y., NY, for appellees.

Present KEARSE, JACOBS, and JOSÉ A. CABRANES, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by plaintiff *pro se* and by counsel for defendants.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed substantially for the reasons stated in Judge Edelstein's Order dated January 24, 2000.

The denial of a motion to vacate a judgment pursuant to Fed.R.Civ .P. 60(b) is reviewable only for abuse of discretion. *See, e.g., Sampson v. Radio Corporation of America,* 434 F.2d 315, 317 (2d Cir .1970). We see no abuse of discretion in the determination here—given the public availability of the information in question years prior to the entry of judgment—that plaintiff's motion to vacate, filed more than a year after entry of judgment, was not made within a reasonable time as required by Rule 60(b). Plaintiff's contention that his time to move under that Rule was governed by a six-year statute of limitations is without merit. His additional contention that the district judge's signature may have been invalid is unsubstantiated.

We have considered all of plaintiff's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.