Hoa T. DAO, Plaintiff–Appellant,

v.

IBM CORP., Defendant–Appellee.

No. 00–7812.

United States Court of Appeals, Second Circuit.

Jan. 17, 2001.

Hoa T. Dao, Oak Ridge, TN, pro se.

John Houston Pope, Hogan & Hartson, N.Y., NY, for appellee.

Present KEARSE, JACOBS, and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was submitted by plaintiff *pro se* and by counsel for defendant.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.

Plaintiff *pro se* Hoa T. Dao, who was represented by counsel in the district court, appeals from an order of the United States District Court for the Southern District of New York, Colleen McMahon, *Judge,* denying her February 16, 2000 motion pursuant to Fed.R.Civ.P. 60(b) to vacate the February 23, 1999 judgment that dismissed as time-barred her employment discrimination complaint against defendant IBM Corp. ("IBM"). The district court denied the Rule 60(b) motion on the ground that the evidence on which it was based, although characterized by Dao as newly discovered, was available to Dao when IBM's motion to dismiss the complaint was made, and indeed when Dao filed her complaint. On appeal, Dao argues that the district court erred both in dismissing her complaint as time-barred and in denying her Rule 60(b) motion. Finding no basis for reversal, we affirm.

█ Most of Dao's brief argues that the district court erred in dismissing her complaint in February 1999. However, no appeal was taken from the judgment of dismissal within the time allowed, *see generally* Fed.R.App.P. 4(a), and an appeal from the denial of a Rule 60(b) motion calls up for review only the denial of the motion, not the merits of the underlying judgment whose vacatur was sought, *see, e.g., Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Daily Mirror, Inc. v. New York News, Inc.,* 533 F.2d 53, 56 (2d Cir.), *cert. denied,* 429 U.S. 862, 97 S.Ct. 166, 50 L.Ed.2d 140 (1976). Accordingly, the merits of the February 23, 1999 judgment are not properly before us.

█ The denial of a Rule 60(b) motion is reviewable only for abuse of discretion, *see, e.g., Sampson v. Radio Corporation of America,* 434 F.2d 315, 317 (2d Cir.1970), and we see no abuse of discretion here. Dao concedes that, prior to the entry of judgment, she was aware of the October 1994 meeting on which the Rule 60(b) motion was based; she states that she "did everything in her power to insure that ALL relevant evidence was presented to the Court," including informing one of her attorneys of that meeting. (Dao brief on appeal at 26.) Dao's attorneys are her agents, however, and any failure of counsel to bring that meeting to the court's attention, or to pursue third-party evidence to support representations that could have been made by Dao herself as to that meeting, is thus attributable to Dao and provides no basis for relief from the judgment. *See generally Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (a party must bear "the consequences of the acts or omissions of [her] freely selected agent").

We affirm the denial of the Rule 60(b) motion for the reasons stated in Judge McMahon's order dated May 30, 2000.

We note that if Dao's challenges to the underlying judgment were properly before us, we would reject them for lack of merit for the reasons stated by the district court on the record on February 19, 1999, and in its May 30, 2000 order.

We have considered all of Dao's contentions that are properly before us and have found them to be without merit. The judgment of the district court is affirmed.