**Theodore F. JOHNSON,
Plaintiff–Appellant,**

v.

**DEPARTMENT OF HOUSING PRES-
ERVATION AND DEVELOPMENT
OF THE CITY OF NEW YORK, New
York City Buildings Department, Jo-
seph Lynch, Individually and as Com-
missioner of the New York State Di-
vision of Housing and Community
Renewal, Rohan James, Individually
and as Rent Administrator of the
New York State Division of Housing
and Community Renewal and Yvette
Brickhouse, also known as Yvette B.
Lewis, Defendants–Appellees.**

No. 01–7753.

United States Court of Appeals,
Second Circuit.

Jan. 31, 2002.

Theodore F. Johnson, Hempstead, NY,
pro se.

Mordecai Newman, Ass't Corp. Counsel,
N.Y., NY, for City Appellees.

* Honorable Jed S. Rakoff, of the United States
District Court for the Southern District of

Yvette Brickhouse, N.Y., NY, pro se.

Present NEWMAN, KEARSE, Circuit
Judges, and RAKOFF, District Judge *.

*SUMMARY ORDER*

This cause came on to be heard on the
record from the United States District
Court for the Southern District of New
York, and was argued by appellant *pro se*
and by counsel for the City appellees, and
was submitted by appellee Brickhouse *pro
se.*

ON CONSIDERATION WHEREOF, it
is now hereby ordered, adjudged, and de-
creed that the orders of said District Court
be and they hereby are affirmed.

Plaintiff *pro se* Theodore F. Johnson
appeals from orders of the United States
District Court for the Southern District of
New York, Sidney H. Stein, *Judge,* deny-
ing his March 22, 2001 motion to vacate
the September 29, 2000 final judgment
("September 2000 Judgment") that dis-
missed his complaint, and denying his mo-
tion for a default judgment. For the rea-
sons that follow, we affirm.

Johnson's brief principally challenges
rulings and events that preceded the dis-
missal of his complaint in September 2000.
However, Johnson failed to file a notice of
appeal within the 30 days allowed following
the September 29 entry of the September
2000 Judgment, *see* Fed. R.App. P. 4(a);
and his Rule 60(b) motion to vacate, filed
more than five months after the entry of
judgment, did not extend his time to ap-
peal from the September 2000 Judgment,
*see* Fed. R.App. P. 4(a)(4)(A)(vi) (appeal
deadline is extended by a Rule 60(b) mo-
tion only if the motion is filed no later than
10 days after entry of judgment); *Jones v.*
New York, sitting by designation.

*UNUM Life Insurance Co. of America,* 223 F.3d 130, 137 (2d Cir.2000). As no timely appeal was taken from the September 2000 Judgment of dismissal, and an appeal from the denial of a Rule 60(b) motion calls up for review only the denial of the motion, not the merits of the underlying judgment, *see, e.g., Browder v. Director, Department of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), we lack jurisdiction to consider Johnson's challenges to the September 2000 Judgment itself or to any interlocutory rulings entered prior to that judgment, *see generally id.* at 264, 98 S.Ct. 556 (time limit for filing a notice of appeal is "mandatory and jurisdictional"). In sum, the merits of the September 2000 Judgment are not properly before us.

The denial of a Rule 60(b) motion is reviewable only for abuse of discretion. *See, e.g., Sampson v. Radio Corporation of America,* 434 F.2d 315, 317 (2d Cir.1970). Johnson has not called to our attention any basis for finding that the district court abused its discretion in denying his motion to vacate the judgment. Although Johnson asserts that the district judge and the magistrate judge were biased against him, we have seen nothing in the record to support that claim.

Johnson also challenges the district court's denial of a motion he filed, after the denial of his Rule 60(b) motion, to have a default judgment entered against defendants for failure to answer an amended complaint. The motion for a default judgment was properly denied because, *inter alia,* it was made after final judgment had been entered closing the case, and it was premised on an amended complaint that Johnson was not entitled to file.

We note also that if Johnson's challenges to the underlying judgment and the court's interlocutory rulings were properly

before us, we would reject them for lack of merit.

We have considered all of Johnson's contentions that are properly before us and have found them to be without merit. The orders of the district court are affirmed.