Ennis M. NICHOLS et al., Plaintiffs-Appellants,

v.

Harry A. ALKER et al., Defendants-Appellees.

No. 39, Docket 23580.

United States Court of Appeals Second Circuit.

Motion Submitted May 7, 1956.
Decided June 7, 1956.

Harold G. Aron, New York City, for plaintiffs-appellants.

Bertram D. Moll, Mineola, N. Y., for defendants-appellees.

Percival E. Jackson, New York City, pro se.

Before FRANK, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

On February 14, 1956, we affirmed the dismissal of appellants' complaint by the District Court. A petition for rehearing was denied on March 13, 1956. Now appellants have moved for an order directing appellees to answer the complaint and for other relief. In effect, this is a second petition for rehearing. The motion is untimely and presents nothing not heretofore considered by us. Appellants' motion is therefore denied.

Appellees have filed a cross-motion seeking to enjoin appellants and their attorneys from taking any further steps in the within action and from instituting any further action or proceedings based on the allegations of the complaint in the within action. In our opinion of February 14, 1956, 231 F.2d 68, we left it open to appellants, if so advised, to apply under Rule 60(b), Fed.Rules Civ.Proc. 28 U.S.C.A. to the enforcement court, the U. S. District Court for the Eastern District of New York, to reopen on the ground of after-discovered evidence of fraud. 126 F.Supp. 679. In order to succeed in reopening the reorganization proceeding, appellants must satisfy the trial court that they now have substantial evidence of fraud which was not obtainable by due diligence in time to present it either in the original reorganization proceedings or in the subsequent petition, filed in 1952, to reopen the reorganization proceedings; and that the petition attempting to reopen is made within "a reasonable time" as required by Rule 60. We indicated that, if such effort was made and denied, the District Court might then consider the appropriateness of enjoining further litigation. 231 F.2d 68, 79–80. We adhere to these views. Appellees' motion for an injunction against further proceedings based on the allegations of the complaint herein is therefore denied.