547 F.2d 192
 MUSIC RESEARCH, INC., and Adelphi Records, Inc.,
Plaintiffs-Appellees- Appellants,
v.
VANGUARD RECORDING SOCIETY, INC., Defendant and Third-Party
Plaintiff- Appellant-Appellee,
v.
Herb GART, d/b/a Herb Gart Management, Inc., Third-Party Defendant.
 No. 67, Docket 76-7160.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 10, 1976.
Decided Dec. 30, 1976.
 
 Robert B. Davidson, New York City (Baker & McKenzie, Lawrence W. Newman, New York City, and William J. Powell, Washington, D.C., of counsel), for plaintiffs-appellees-appellants.
 Bruno Schachner, New York City (Kurtz & Vassallo, John A. Vassallo, New York City, of counsel), for defendant and third party plaintiff-appellant-appellee.
 Before KAUFMAN, Chief Judge, and SMITH and TIMBERS, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 Vanguard Recording Society, Inc. ("Vanguard"), appeals from a $275,000 award of damages to Music Research, Inc. ("Music Research"), after jury trial before Charles L. Brieant, Jr., Judge, in the United States District Court for the Southern District of New York. We affirm.
 
 
 2
 This case reaches us after a prolonged dispute between two record companies, Music Research and Vanguard, over the right to record and release the music of John Hurt, a Mississippi blues singer whose talents were rediscovered in 1963 when he was seventy-one years old, living as a share cropper in Avalon, Mississippi. It is undisputed that Thomas Hoskins, officer and shareholder of Music Research, was instrumental in bringing John Hurt's talents to public attention.
 
 
 3
 In March, 1963 Music Research signed a renewable five-year management contract with Hurt which gave Music Research the exclusive right to record Hurt's music or to contract with others to record it. Music Research was a new record company. In 1965, in order to obtain wider exposure for Hurt's music, Music Research authorized Herb Gart as its agent to negotiate a contract with an established record company for the release of some of Hurt's music. Music Research, which also released two Hurt recordings under its own Piedmont label, anticipated that its inventory of Hurt tapes would be more marketable on subsequent release if Hurt recordings were first distributed on a well-known label.
 
 
 4
 This action arises out of a dispute over a contract entered into in 1965 between Music Research and Vanguard for the right to release Hurt's music. Music Research admits that it authorized Gart, as agent, to negotiate a contract with Vanguard. It claims however that Vanguard's president, Solomon, although aware that Gart's authority had been limited to negotiating a two-record contract, had negotiated a contract covering the release of all of Hurt's recordings, and had deliberately withheld information about the contract signed by Gart from Hoskins. Music Research introduced expert testimony concerning the potential value of its tape library of Hurt music and the loss incurred by Music Research as a result of Vanguard's release of Hurt music without Hoskins' knowledge or authorization.
 
 
 5
 This suit was commenced in January, 1973.[1] Music Research sought injunctive relief and damages arising out of Vanguard's wrongful use and appropriation of its literary property in a diversity action based on common law fraud, tortious interference with contractual rights, unfair competition and unjust enrichment. A three-day trial was held in October, 1975. At the close of plaintiff-appellee's case, Vanguard moved to dismiss all claims against it pursuant to Fed.R.Civ.P. 50. Judge Brieant granted the motion as to claims sounding in unfair competition, unjust enrichment, and tortious interference with contractual rights. He denied Vanguard's motion as to the fraud claim, and submitted that claim to the jury. In the face of an adequate remedy at law, he denied injunctive relief. The jury returned a verdict of $275,000 in favor of Music Research. Vanguard's motion for a new trial and its motion to set aside the verdict as against the weight of the evidence under Fed.R.Civ.P. 59 were both denied.
 
 
 6
 Vanguard appeals from judgment on the verdict and from Judge Brieant's denial of its Rule 59 motions and of its subsequent motion under Fed.R.Civ.P. 60(b)(2) and (3) for a new trial on the basis of newly discovered evidence and fraud.[2]
 
 I.
 
 7
 Vanguard argues that the fraud claim was barred by the statute of limitations as a matter of law. No objection was raised by Vanguard when the trial court charged, "Now, as I understand the contentions of the parties, the plaintiff asserts that the coming out of the third record gave him notice of the alleged fraud. That, of course, is entirely a matter for your determination according to the evidence in this case, like all other fact matters that are at issue here." There was conflicting evidence in the record as to when the appellee discovered or should have discovered the fraud by the exercise of due diligence. This was an issue of fact properly left to the jury. Erbe v. Lincoln Rochester Trust Co., 3 N.Y.2d 321, 165 N.Y.S.2d 107, 111, 144 N.E.2d 48 (1957); N.Y.Civ.Prac. Law and Rules § 213(8), § 203(f) (McKinney 1975).[3]
 
 II.
 
 8
 When Judge Brieant dismissed the contractual claims at the end of plaintiff-appellee's case he did so because he held that Gart had apparent authority to contract, and that a valid contract existed between Music Research and Vanguard before any of the acts complained of took place. Based on the dismissal of the contract claims, Vanguard now argues that the evidence does not support a finding of reliance on the part of Music Research on the misrepresentations by Solomon, and that damages, if any, incurred by Music Research flowed from the terms of the contract rather than from reliance by Music Research on the misrepresentations by appellant. Vanguard, however, raised no objections to the jury charge set out below.[4]
 
 
 9
 The trial court further told the jury that it could find that Gart was the authorized agent of Music Research. If such an agency were found, then Gart's knowledge would be imputed to Music Research and would vitiate a claim of reliance on the misrepresentations. The jury was free to find that no such agency existed. Vanguard, having raised no objections to the charge as given, cannot now claim that as a matter of law there could not have been reliance by Music Research. The issue was properly left to the jury.[5]
 
 III.
 
 10
 Vanguard next argues that its Rule 59 motion should have been granted because there was insufficient evidence to support the damage award. The trial court has broad discretion in ruling on the sufficiency of the evidence and we will not set aside a verdict unless there has been an abuse of discretion. Dagnello v. Long Island R. R., 289 F.2d 797, 806 (2d Cir. 1961); 11 Wright & Miller, Federal Practice and Procedure, § 2818 at 118-20, § 2820 (1973 ed.). Music Research obtained testimony of three experts to establish the market value of its inventory of Hurt tapes. One expert testified that the value of the tapes in 1970 had been $250,000 and that following Vanguard's releases it was at most $10,000. He also testified that five L.P. records could be produced from the tapes with projected sales of 35,000 for each record. At a profit of $1.41 per record he estimated a total profit of $246,750, which together with projected foreign leasing revenues of $42,525 brings the total potential profit to $289,275. A second expert projected sales up to 50,000 for each of five records at a profit margin of $1.50 per record. Using these figures the value of the tapes without adding foreign licensing revenues was $375,000.[6] Vanguard introduced no evidence to counter this testimony.
 
 
 11
 Judge Brieant charged the jury on damages as follows:
 
 A word about damages:
 
 12
 If you find that the plaintiff has proved its claim with respect to fraud, you must return a verdict in a sum of money which would justly and fairly compensate the plaintiff for all losses directly resulting from the defendant's fraudulent acts. The measure of damages for fraud is indemnity for the actual pecuniary loss sustained.
 
 
 13
 He denied the plaintiff's request for a charge on punitive damages because he found that the actual damages, if sustained by the jury, would be "substantial." Appellants did not object to this charge. In the light of the evidence presented at trial, Judge Brieant was well within his discretion when he refused to set aside the damage award of $275,000 as unsupported by the evidence.
 
 IV.
 
 14
 Appellant contends that it was error for the trial court to exclude evidence concerning the legal sufficiency of the 1963 Music Research-Hurt contract. Vanguard alleged that the terms of the contract were unconscionable as to Hurt. The trial judge ruled that the alleged unconscionability of this contract, even if true, was not a defense available to Vanguard. The unenforceability of a contract may not be raised by an unrelated third party as a defense to that party's tortious conduct. W. Prosser, Law of Torts, § 129 at 932 (4th ed. 1971). The exclusion of this evidence was proper.
 
 V.
 
 15
 Vanguard's final point on appeal is the claim that it was error for the district court to deny the motion under Fed.R.Civ.P. 60(b)(2) and (3) to set aside the judgment on the ground of newly discovered evidence and the further ground that the judgment was obtained by plaintiff's fraud, misrepresentations, and other misconduct. The "newly discovered evidence" was a record publicly released by Music Research in July 1975, three months before trial began. This is hardly the type of evidence which with due diligence the appellants could not have discovered. Nor were the alleged misrepresentations made by Music Research of a nature which would constitute "fraud upon the court." Kupferman v. Consolidated Research & Manufacturing Corp., 459 F.2d 1072, 1081 (2d Cir. 1972). We will not set aside the district court's denial of a Rule 60(b) motion unless we find an abuse of discretion. Sampson v. Radio Corp. of America, 434 F.2d 315 (2d Cir. 1970). We find no such abuse.
 
 
 16
 Affirmed.
 
 
 
 [1]
 Hurt died in November, 1966 and is not a party to this suit. This action was commenced by two District of Columbia corporations, Music Research, and Adelphi Records, Inc. ("Adelphi") against Vanguard, a New York corporation. All of the claims by Adelphi were dismissed below, and these claims are not at issue on this appeal. Vanguard, defendant below, filed a third-party complaint against Herb Gart, seeking indemnity for any recovery Music Research might obtain. At the close of plaintiff's case Vanguard entered a stipulation dismissing its third-party complaint against Gart with prejudice
 
 
 [2]
 Music Research seeks to appeal the dismissal of the claims of unfair competition, unjust enrichment, and tortious interference with contractual rights only if the judgment below is vacated. Since we affirm we do not reach the issues raised on cross-appeal
 
 
 [3]
 The parties have cited New York case law without briefing the choice of law issue. We find no problem in the application of New York law, and none was raised by the parties or the court below
 
 
 [4]
 Now, the plaintiff claims here that Vanguard, through its officer Mr. Solomon, knew about Music Research's rights with respect to Hurt and did make certain representations to Mr. Hoskins. Those representations, it is claimed, were that Vanguard would record and publish two and only two long playing albums of Mississippi John Hurt's music, that Music Research would retain all its existing rights other than for the publication of these two albums with respect to the performances of John Hurt and that the value of Music Research's rights would be enhanced by the Vanguard recordings and that Music Research, through Mr. Hoskins, would be a signing party by the signature of Mr. Hoskins to this agreement of November 30, 1965
 . . . If you find that these representations were made by words or action, then you must consider whether such representations as were made were true or false. If you find falsity, the third element of the fraud claim which you must then consider is whether in making these false representations, the defendant, Vanguard, intended to deceive the plaintiff. . . .
 If you find that the false representations were made with intent to deceive, then you must determine whether the plaintiff's agent, Hoskins, or President Hoskins, believed the representations and whether he acted in justifiable reliance on them. . . .
 
 
 [5]
 From Solomon's efforts to conceal the contract the jury could draw the inference that Gart, to Solomon's knowledge, exceeded his authority in negotiating beyond two recordings. Since the fraud claim was submitted to the jury without objection, this inference was permissible even though the judge had dismissed claims based on interference with contractual rights because he found Gart clothed with "apparent authority." We recognize that on the facts in this case the dismissal of the contract claims may be inconsistent with the submission of the fraud claim to the jury, but the question of error in this dismissal is not before us. The issue of Gart's authority was relevant to the fraud claim and Vanguard had every opportunity and motive to introduce evidence on this issue. The jury resolved the fraud issue against Vanguard, thus implicitly finding that Solomon did not view Gart as invested with the claimed authority. Vanguard had its day in court as to the question of Gart's authority and it was resolved against it
 
 
 [6]
 The court instructed the jury that in computing damages it could take into account a contract between Music Research and Adelphi. Taking into account the Adelphi contract, damages could still amount to more than the $275,000 actually awarded