In the Matter of Kenneth M. LEVENSALER, Bankrupt.

**HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff,**

v.

**Kenneth M. LEVENSALER, Bankrupt, Defendant.**

**Bankruptcy No. H–76–447.**

United States Bankruptcy Court, D. Connecticut.

July 28, 1981.

Philip J. Adams, Jr., and Jerome D. Elbaum, Hartford, Conn., for plaintiff.

Douglas Daniels, New Haven, Conn., and Martin Clayman, Bloomfield, Conn., for defendant-bankrupt.

## MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

This proceeding involves a motion by the defendant-bankrupt for relief from an order of this court revoking his discharge pursuant to § 15 of the Bankruptcy Act of 1898. Kenneth M. Levensaler filed his motion on June 10, 1981, under Federal Rule of Civil Procedure 60(b),[1] asking the court to reopen its previous order "for the purpose of granting a new trial on newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Bankruptcy Rule 923". As part of his motion, Levensaler asks also that the time period of Rule 60(b) be extended and permission granted him to conduct examinations of certain persons under Bankruptcy Rule 205(a).

## BACKGROUND

Levensaler filed a voluntary petition in bankruptcy on April 30, 1976, and received a discharge on July 2, 1976. His personal bankruptcy grew out of financial difficulties resulting from personal liability assumed by Levensaler on obligations undertaken by Johnson Electrical Co., Inc., of which firm he was president. Hartford Accident & Indemnity Company (Hartford) filed a complaint to revoke Levensaler's discharge on December 2, 1976, alleging that the discharge was obtained through fraud, and that Levensaler had failed to report or deliver property to his trustee in bankruptcy. Following lengthy delays, trial on this complaint commenced on December 1, 1978, and concluded on September 19, 1979. There were 29 trial days with testimony from 28 witnesses. The transcript of testimony and argument on related motions totals nearly 5,000 pages. The post-trial memoranda of the parties are voluminous. This court, on June 10, 1980, rendered a lengthy (73 pages) memorandum and order revoking Levensaler's discharge. Levensaler filed a notice of appeal from this order on July 9, 1980. After a number of requests by Levensaler for extensions of time, the notice of appeal, designation of record, and statement of issues on appeal were transmitted to the district court by the bankruptcy court on December 1, 1980. The appeal remains pending in the district court. After the revocation of his discharge, Levensaler was indicted by a grand jury and tried in the district court before a jury on several counts of commission of bankruptcy crimes. He was acquitted on certain counts and the jury was unable to agree on the remaining counts. The Government thereupon requested and was granted dismissal of the remaining charges.

## CLAIMS OF THE PARTIES

At the hearing on Levensaler's motion for relief, attorneys for Levensaler represented that in April, 1981, they had learned of possible new evidence which they have not

---

1. *FRCP 60. Relief From Judgment or Order.*

   .    .    .    .    .

  (b) *MISTAKES, INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE; FRAUD, ETC.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . . .

FRCP 60 is made applicable to bankruptcy cases by Bankruptcy Rule 924.

been able to verify. It is this alleged new evidence that Levensaler seeks to confirm through the Bankruptcy Rule 205(a) examinations.[2] Levensaler's attorneys declined to offer either the new evidence or information as to the nature of this evidence at the hearing, claiming they did not want to make assertions involving unnamed persons without further opportunity to confirm what they believed they had discovered. Levensaler's post-trial brief is also silent as to the nature of the alleged newly discovered evidence, and declares that there is no requirement that "the evidence be presented or disclosed".[3] Hartford alleges that under Rule 60(b), the motion was not timely filed within one year of the order from which relief is sought. It also says that the appeal taken by Levensaler from the court's order on July 9, 1980 divests the court of jurisdiction to grant relief without permission of the appeals court. It further alleges that the motion is defective inasmuch as Levensaler's purpose is not to bring newly discovered evidence before the court but to engage in new discovery, that Levensaler has not stated what new evidence he has discovered, and that he must do so to enable the court to make findings required in Rule 60(b)(2) actions. Finally, Hartford says that Levensaler's motion should also be denied on grounds that such a motion was not made within a reasonable time, even if made within one year.

## DISCUSSION

◼ The first issue to be considered is whether, pursuant to Rule 60(b)(2) Levensaler's motion was filed "not more than one year after the judgment, order or proceeding was entered or taken". Hartford claims that the limiting year began on July 10, 1980 and ended on July 9, 1981, and that therefore Levensaler's motion for relief from judgment was filed without the year on July 10, 1981. This court determined in

*Matter of Grimaldi*, 3 B.R. 533, 6 B.C.D. 241 (Bkrtcy.1980) that computation of time limitations in bankruptcy matters under the Bankruptcy Reform Act of 1978 is governed by BR 906(a) and FRCP 6(a). The latter rule provides that "in computing any period of time prescribed . . . by any applicable statute, the day of the act, event or default from which the time begins to run shall not be included". Under this method of computation July 10, 1980, the date that the memorandum and order from which relief is sought was signed, would be omitted. The year of limitation would thus run from July 11, 1980 through July 10, 1981. Levensaler filed within this period, and thus his motion is not time-barred.

◼ Hartford next claims that this court lost jurisdiction to rule on Levensaler's motion when an appeal of the court's order was filed and docketed with the district court. While there is some authority for this position, *In re Butcher Boy Meat Market, Inc.*, 10 B.R. 258 (Bkrtcy.E.D.Pa.1981), the procedure in this circuit for determining whether to grant a Rule 60(b)(2) motion calls for the trial court to determine it *would* grant the motion, followed by a further motion in the appellate court for remand. *Ryan v. United States Lines Company*, 303 F.2d 430 (2nd Cir. 1962); *Fidenas AG v. Compagnie Internationale pour L'Informatique CII Honeywell Bull S.A.*, 606 F.2d 5, 6 (2nd Cir. 1979). *Ryan* involved an appeal from a district court decision to the court of appeals and a subsequent Rule 60(b)(2) motion by plaintiff-appellant to the district court to reopen. The court of appeals described the situation thus:

> In view of the fact that the district court had lost jurisdiction of the case by the filing of the appeal in this court [citations omitted] Judge Levet, . . . handled the motion in accordance with the procedure suggested in *Smith v. Pollin*, 90 U.S.App.

2. *B.R. 205(a). Examination on Application.* Upon application of any party in interest, the court may order the examination of any person. The application shall be in writing unless made during a hearing or examination or unless a local rule otherwise provides.

3. In the "conclusion" of Levensaler's brief, it is represented that if the court does not agree with this claim of law, he is willing to present such evidence. However, a court decides matters on the record knowingly made by the parties.

D.C. 178, 194 F.2d 349 (1952) and supported by the approach taken by this court in the pre-Federal Rules case of *Harper Bros. v. Klaw*, 272 F. 894, 895 (2 Cir. 1921). In *Smith v. Pollin*, the Court of Appeals for the District of Columbia Circuit prescribed the procedure it found implied in the analogous Criminal Rule 33, 18 U.S.C.A. for civil cases as well. Under this procedure, the district court is first to determine whether it would grant the motion; if it decides in favor of it, then and then only is the necessary remand by the court of appeals to be sought. In the case at bar, Judge Levet indicated that he would deny the motion. We agree that the docketing of an appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule. We also agree that the procedure prescribed in *Smith v. Pollin* is proper and calculated to be most economical of the effort of courts and parties. *Id.* at 433, 434.

I see no reason why this procedure involving the district court and court of appeals is not applicable in like manner to the bankruptcy court and the district court. Therefore, although this court lacks jurisdiction to grant Levensaler's motion prior to remand from the district court, it has jurisdiction, and is required, to make a preliminary finding as to whether or not it would grant such a motion upon remand.

■ To determine whether to grant relief from a judgment or order under Rule 60(b)(2), a court must determine whether there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" and must find that the motion for the requested relief was made within a reasonable time. Cases construing Rule 60(b)(2) in this circuit include *Greenspahn v. Joseph E. Seagram & Sons*, 186 F.2d 616 (1951); *Nichols v. Alker*, 235 F.2d 246 (1956); *O'Brien v. Thall*, 283 F.2d 741 (1960); *Ryan v. United States Lines Company, supra; Serzysko v. Chase Manhattan Bank*, 461 F.2d 699 (1972); *Music Research, Inc. v. Vanguard Recording Society*, 547 F.2d 192 (1976); and *Audiovisual Publish-*

*ers, Inc. v. Cenco, Inc.*, 580 F.2d 50 (1978). In all of these cases the court evaluated the alleged newly discovered evidence against the background of the case. Relief was denied on grounds (1) that the evidence claimed was in existence long before the original judgment and would have been revealed by "[t]he slightest investigation" (*Greenspahn*). *See also Music Research, Audiovisual Publishers*; (2) that the evidence even ... [if] received would not have supplied the lack of evidence of the wrong claimed (*O'Brien*); (3) that reopening a judgment is permitted only on evidence in existence but hidden at the time of judgment (*Ryan*); and (4) that where a party "merely alleges that he now has evidence which contradicts [prior] testimony ... this is insufficient" for 60(b) purposes (*Serzysko*). In Rule 60(b)(2) actions, plaintiffs "must satisfy the trial court that they now have substantial evidence ... which was not obtainable by due diligence in time to present it ... in the original ... proceedings ...." (*Nichols*). Levensaler has not revealed the content of claimed newly discovered evidence but merely alleges that he has discovered such evidence. Under these circumstances, I hold that Levensaler has made insufficient showing to permit the granting of his motion. *Serzysko v. Chase Manhattan Bank, supra*. There is a spirit of finality implicit in all judgments which commands courts to be cautious in granting the extraordinary relief of reopening proceedings based on a claim of newly discovered evidence, *Ag Pro, Inc. v. Sakraida*, 512 F.2d 141, 143 (5th Cir. 1975). The motion also contains a request to permit post-judgment discovery leading to a new trial. Nothing in the law or rules of which I am aware authorizes the granting of such a request. See *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976).

In view of this holding, I need not reach the further arguments of the plaintiff. Levensaler's motion for relief from the July 10, 1980 judgment must be, and it hereby is, denied, and it is

SO ORDERED.