In re Herbert A. **BAHRE,** Bankrupt.

Howard L. **SIEGEL,** Trustee in Bankruptcy, Plaintiff,

v.

Herbert James **BAHRE,** Defendant.

Bankruptcy No. B–79–31.

United States Bankruptcy Court, D. Connecticut.

April 4, 1983.

Julia L. Aurigemma, Hoberman, Pollack & Roseman, P.C., Hartford, Conn., for plaintiff.

Ira Charmoy, Levin & Charmoy, Bridgeport, Conn., for defendant.

## MEMORANDUM AND ORDER

ALAN H.W. SHIFF, Bankruptcy Judge.

This matter is before the court on the defendant's motion for a new trial.

### I.

On August 31, 1978, Herbert A. Bahre filed a petition for relief and was adjudicated a bankrupt under the Bankruptcy Act of 1898. On September 12, 1978, the plaintiff was approved as trustee of the bankrupt's estate and on September 21, 1978, he instituted the above-captioned proceeding to set aside a transfer of real property from the bankrupt to the defendant on the basis that the transfer was for less than fair consider-

ation and rendered the bankrupt insolvent. The matter was originally scheduled to be heard on November 1, 1978, and after a continuance was partially tried on April 10, 1979 before Judge Trevethan. Ultimately, however, the matter came on for a trial *de novo*, and on October 5, 1982, judgment was entered in favor of the plaintiff. 23 B.R. 460. On October 15, 1982, the defendant filed a notice of appeal to the district court. Thereafter, on January 4, 1983, the defendant filed the instant motion for a new trial pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure.[1]

### II.

#### A.

### JURISDICTION

In *In re Levensaler,* the bankruptcy court for this district outlined the procedure to be followed when a Rule 60(b)(2) motion is made subsequent to an appeal to the district court. 13 B.R. 140 (Bkrtcy.Conn.1981). There the court, analogizing to the procedure involving the district court and court of appeals,[2] concluded that "although [the bankruptcy] court lacks jurisdiction to grant [the Rule 60(b)(2)] motion prior to remand from the district court, it has jurisdiction, and is required, to make a preliminary finding as to whether or not it would grant such a motion upon remand." *Id.* at 143.

#### B.

### MERITS OF THE DEFENDANT'S MOTION

The Second Circuit Court of Appeals has recently stated that "in order to succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is 'truly newly discovered or ... could not have been found by due diligence.'" *United*

---

1. Fed.R.Civ.P. 60 provides in pertinent part:

   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence

   could not have been discovered in time to move for a new trial under Rule 59(b).

   Fed.R.Civ.P. 60 is made applicable to bankruptcy cases by Bankruptcy Rule 924.

2. *See Ryan v. United States Lines Company,* 303 F.2d 430 (2d Cir.1962).

*States v. Potamkin Cadillac Corporation,* 697 F.2d 491, 493 (1983), quoting *Westerly Electronics Corp. v. Walter Kidde & Co.,* 367 F.2d 269, 270 (2d Cir.1966).

Here the "newly discovered evidence" offered by the defendant consists of various documents and potential witnesses that would allegedly demonstrate that the bankrupt was not insolvent at the time of the ill-fated transfer. A review of the documents attached to the defendant's and his attorney's affidavits in support of the motion for new trial indicates that most of the "newly discovered evidence" was accumulated during October and November of 1982.

The defendant explained the late discovery of the information as follows:

"My efforts to unearth this information were extremely hampered by the fact that these events took place nearly seven years ago, and my father did not maintain any record of these transactions. Furthermore, since I reside in Maryland, it has proven to be very difficult for me to make any type of concentrated effort to investigate these facts."[3]

These representations do not satisfy the defendant's burden of proving that the evidence could not have been discovered with due diligence.

It should first be observed that while some of the events occurred nearly seven years ago, the trial in this matter was first scheduled for 1978 and actually tried in part in 1979. Thus, the defendant's claim that it was difficult to discover relevant records seven years after the events only emphasizes that he did not begin his search for them in a diligent manner. Moreover, the information itself cannot be considered to have been hidden or for any other reason unavailable to the defendant. For example, the "newly discovered evidence" includes the following: information collected from the Canton town records, a letter from an attorney of the defendant's father, and a check made payable to the defendant's father apparently drawn by the defendant's brother. There is no claim that

the defendant's father, who lived in Canton, Connecticut at the very property which is the subject of the instant litigation, would not or could not assist the defendant in his search for the evidence.

In sum, this is not a case in which key evidence was unavailable for reasons beyond the defendant's control.

I next address the defendant's contention that the interests of justice override any possible question of his lack of diligence. The defendant's argument is based primarily on the authority of *Ferrell v. Trailmobile, Inc.,* 223 F.2d 697 (5th Cir.1955).

As a general proposition, even newly discovered evidence which would probably produce a different result would not in and of itself justify a new trial under Rule 60(b)(2). Under those circumstances, the moving party must also show due diligence. *See Champion Spark Plug Co. v. Gyromat Corp.,* 88 F.R.D. 526, 527 (D.Conn.1980), *aff'd.,* 636 F.2d 907 (2d Cir.1981). However, the court in *Ferrell v. Trailmobile, supra,* recognized an exception to the due diligence requirement where the movant for a new trial produces "practically conclusive evidence." In that regard the court stated: "In such a case, the needs of justice may require granting a new trial even though proper diligence was not used to secure the evidence for use at trial. [citations omitted]" *Id.* at 698. That exception to the due diligence requirement has not been expanded to cases in which the evidence is less than "practically conclusive." *Shook & Fletcher Insulation Company v. Central Rigging & Contracting Corporation,* 684 F.2d 1383, 1385 n. 2 (11th Cir.1982); *Niedland v. United States,* 338 F.2d 254, 260 (3rd Cir.1964). Here, I do not find that the newly discovered evidence rises to the level necessary to supersede the due diligence required under Rule 60(b)(2).

I previously found that at the time of the subject transfer, the bankrupt's liabilities exceeded his assets by approximately $30,000. 23 B.R. at 464. The testimony of the

---

**3.** Affidavit of Herbert J. Bahre at ¶ 3.

defendant's newly discovered witnesses would allegedly show that the bankrupt had received approximately $15,000 during the year of the transfer.[4]  Such testimony, even if credited in its entirety, would fall short of rebutting the plaintiff's case.  Another potential witness would apparently testify that during 1972, the bankrupt received $85,000 in settlement of three lawsuits.[5]  That testimony, again giving it full credit, cannot be considered as conclusively proving that the bankrupt had such funds in 1976, especially in light of the bankrupt's acknowledged life-style.[6]

In view of the foregoing, the defendant's motion for a new trial should be, and hereby is, denied.

---

**4.**  Affidavit of Ira B. Charmoy, Esq. at ¶ 8(a); Affidavit of Herbert J. Bahre at ¶ 8.

**5.**  Affidavit of Ira B. Charmoy at ¶ 8(c).

