CHAMPION SPARK PLUG
COMPANY, Plaintiff,

v.

The GYROMAT CORPORATION,
Defendant.

Civ. No. 15087.

United States District Court,
D. Connecticut.

May 22, 1980.

Allen Owen and Vincent L. Barker, Jr., Owen & Owen, Toledo, Ohio, of counsel, for plaintiff.

David S. Maclay, Marsh, Day & Calhoun, Bridgeport, Conn., Fritz L. Schweitzer, Jr., Michael A. Cornman, Mandeville & Schweitzer, New York City, for defendant.

RULING ON PENDING MOTIONS

EGINTON, District Judge.

This patent action, now eight years old, is presently before the Court on plaintiff's

motion to reopen the trial proceedings, and defendant's motions for entry of a permanent injunction and reference to a special master. A brief history of the case is necessary to put these motions in perspective. Plaintiff, Champion Spark Plug Co., filed this action in 1972 seeking a judgment declaring invalid Gyromat Corporation's United States Patent No. 3,219,276. This case was tried by then District Judge Jon O. Newman of this Court in November, 1976. On October 13, 1978, Judge Newman issued a memorandum of decision declaring claims 5 and 6 (the only claims of the patent in issue) of the Gyromat '276 patent invalid and unenforceable. On appeal, the Second Circuit Court of Appeals on July 2, 1979 reversed Judge Newman, found that the patent was valid, and remanded the case to this Court "for further proceedings consistent with [the] opinion." [1] *Champion Spark Plug Co. v. Gyromat Corp.*, 603 F.2d 361, 372 (2d Cir. 1979), *cert. denied*, 445 U.S. 916, 100 S.Ct. 1275, 63 L.Ed.2d 600 (1980).

The Court turns first to Champion's assertion that the trial proceedings in this matter should be reopened to permit the introduction of newly discovered evidence. Very simply, the newly discovered evidence relates to an alleged sale by H. G. Fischer & Co. to National Manufacturing Co. of a device similar to that disclosed in claims 5 and 6 of the Gyromat patent more than one year prior to the filing date for the Gyromat patent. Champion contends that this sale, if proved, might invalidate the Gyromat patent.

The evidence of this claimed statutory bar sale first came to light in a previous infringement/validity action involving the Gyromat '276 patent. In that action, Judge Hoffman of the District Court for the Northern District of Illinois considered on the issue of validity, *inter alia*, the alleged Fischer-National sale and determined that it did not invalidate the Gyromat patent. *Gyromat Corp. v. H. G. Fischer & Co.*, 167 U.S.P.Q. 326, 341–42 (1970). Champion, though admitting that it was familiar with the H. G. Fischer litigation and admitting that it had read portions of the trial transcript and Judge Hoffman's decision,[2] nevertheless argues that it was not aware of this particular evidence until January of this year when it was informed of the sale by an attorney who had represented H. G. Fischer in that action.

In view of the unique posture of this case, there is some question initially whether the motion to reopen should be treated as one pursuant to Fed.R.Civ.P. 59 or 60(b)(2).[3] The Court does not have to reach that question, however, since, for the reasons stated below, the newly discovered evidence offered by Champion is clearly insufficient to warrant relief under either rule.[4]

There are three primary requirements that must be fulfilled in order to warrant reopening trial proceedings on the basis of newly discovered evidence under either Rule 59 or 60(b)(2). First, the evidence must not have been known to the moving party at the time of trial. Second, the evidence must be such that it could not have been discovered in time to present it in the original proceeding by the exercise of due diligence. Third, the evidence must be such that it would probably produce a different result. 6A *Moore's Federal Practice* ¶ 59.08[3] at 59–115–23 (Rule 59); 7 *Moore's Federal Practice* ¶ 60.23[4] at 273–76 (Rule 60(b)(2)). *See also Ag Pro, Inc. v. Sakraida*, 512 F.2d 141 (5th Cir. 1975), *rev'd on other grounds*, 425 U.S. 273, 96 S.Ct. 1532, 47

---

1. Prior to the trial before Judge Newman, Champion conceded the issue of infringement of claims 5 and 6 of the Gyromat '276 patent.

2. Judge Hoffman's published decision was one of Champion's exhibits in the trial before Judge Newman.

3. Indeed, there is a question whether the motion is timely under either rule.

4. Moore states that the difference between Rule 59 and Rule 60(b)(2) is one of degree with Rule 60(b)(2) requiring "a somewhat stronger showing than Rule 59 since it permits a more belated attack upon the finality of the judgment." 7 *Moore's Federal Practice* ¶ 60.23[4] at 273 (footnote omitted).

L.Ed.2d 784 (1976). Champion has failed to satisfy any of the three prerequisites necessary to warrant relief.

With respect to the first two requirements, it strains credibility for Champion to argue that it was unaware of the claimed statutory bar sale at the time of the trial before Judge Newman in 1976 or that it had exercised due diligence in attempting to uncover this evidence. The evidence of this sale was presented to Judge Hoffman in some detail six years earlier in the *H. G. Fischer* litigation. Judge Hoffman's reported decision in that case contains extensive discussion of this evidence. *Gyromat Corp. v. H. G. Fischer & Co., supra,* at 341–42. Champion, by its own admission, conferred with the attorneys involved in the *H. G. Fischer* litigation, reviewed the file and read portions of the trial transcript before offering Judge Hoffman's decision as an exhibit in the trial in this case. This is not the stuff of newly discovered evidence. Moreover, the Court finds little support for Champion's position that this newly discovered evidence would change the decision reached by the Court of Appeals in this case. It is sufficient to note that Judge Hoffman considered this same evidence at some length in *Fischer* and found it unpersuasive and unsupported by meaningful documentation. There is no indication that the passage of eleven years would change these findings.

Champion's final contention that the Second Circuit's decision in this case opens a new avenue for attacking the validity of the Gyromat '276 patent is without merit. As Moore aptly notes, "[a] party who has failed to evaluate evidence properly and thereby failed to submit it at the trial, or a party who desires to present his case under a different theory in which facts available at the original trial now first become important, will not be granted a new trial." 6A *Moore's Federal Practice* ¶ 59.08[3] at 59–115–17 (footnotes omitted).

Having determined that Champion has not made a showing sufficient to warrant the reopening of the trial proceedings, the Court hereby orders that a permanent in-

junction issue as set forth in the Order of Permanent Injunction attached to this Ruling. The issues of damages, trebling, and attorney fees will be referred to a special master agreed to by the parties and appointed by the Court pursuant to Fed.R. Civ.P. 53. If the parties are unable to agree upon a person to serve as special master within 30 days of this Ruling, the Court will appoint such person *sua sponte.*

It is So Ordered.