**Michael VALERIO and Yung Hao Chang, Plaintiffs-Appellants,**

v.

**BOISE CASCADE CORPORATION et al., Defendants-Appellees.**

Nos. 79–4264, 79–4241.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1980.

Decided May 18, 1981.

Rehearing and Rehearing En Banc Denied July 15, 1981.

Moses Lasky, Lasky, Haas, Cohler & Munter, San Francisco, Cal., Edward L. Lascher, Ventura, Cal., for plaintiffs-appellants.

Julian Standen, David Rudy, Feeney & Sparks, Jerome I. Braun, Farrella, Braun & Martel, San Francisco, Cal., Roy M. Brisbois, Lewis, D'Amato, Brisbois & Bisgaard, Los Angles, Cal., Weyman I. Lundquist, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for defendants-appellees.

Before DUNIWAY and FERGUSON, Circuit Judges, and GRANT,* District Judge.

PER CURIAM:

In May, 1973, the district court approved a class action settlement in *McCubbrey v.*

---

* The Honorable Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

*Boise Cascade Home & Land Corporation,* N.D.Cal., 71 F.R.D. 62. That litigation, arising out of the sale of recreational real properties by Boise Cascade, involved a class of 44,000 plaintiffs as well as the California Attorney General and several county district attorneys. Although Valerio and Chang elected to participate in the settlement finally hammered out in that complex litigation, they now seek to overturn it and reopen the settled claims, and further seek recovery from the class attorneys including the Attorney General. They argue, inter alia, that the notice of proposed settlement and the representation provided by counsel to the class were constitutionally inadequate and that the court's approval of the settlement was obtained by fraud on the court. They argue further that the class attorneys are liable for fraud and malpractice. The district court granted defendants' summary judgment motions and we affirm.

## I.  *Jurisdiction.*

The district court had jurisdiction over the state law claims against the class attorneys. The court had jurisdiction over plaintiffs' claims of fraud on the court in the earlier settlement. *See Martina Theatre Corporation v. Schine Chain Theatres, Inc.,* 2 Cir., 1960, 278 F.2d 798, 800 n.1; Moore's Federal Practice, vol. 7, ¶ 60.38, pp. 642–44. As part of this action, the court could properly exert jurisdiction over the class attorneys whose fees were awarded as part of the settlement. *See* Moore's supra, at p. 644 ("[A]ncillary jurisdiction is sufficiently broad so that the action may be maintained against a person who was not a party to the original proceeding"); *Pacific Railroad of Missouri v. Missouri Pacific Railway Co.,* 1884, 111 U.S. 505, 522, 4 S.Ct. 583, 592, 28 L.Ed. 498; *Cf. Universal Oil Products Co. v. Root Refining Co.,* 1946, 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447. ("The power to unearth such a fraud is the power to unearth it effectively. Accordingly, a federal court may bring before it by appropriate means all those who may be affected by the outcome of its investigation.") Jurisdiction over plaintiffs' state claims of fraud and malpractice against the class attorneys, deriving "from a common nucleus of operative fact" with the federal claims, may then be supported by the doctrine of pendent jurisdiction. *United Mine Workers of America v. Gibbs,* 1966, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218.

## II.  *The Merits.*

We have closely examined the many arguments made by appellants in their briefs and find them to be fully answered in Judge Peckham's lengthy and careful opinion. *Valerio v. Boise Cascade Corporation,* N.D.Cal., 1978, 80 F.R.D. 626. We now adopt that opinion. On the facts of this case the district court properly decided these matters on summary judgment.

"Appellants had the right and opportunity to opt out in this action. They chose not to. We believe that they should not now be allowed to play the role of spoilers for a class of more than [44,000] people when they could have chosen not to be bound by the settlement." *Marshall v. Holiday Magic, Inc.,* 9 Cir., 1977, 550 F.2d 1173, 1177.

Affirmed.