Michael VALERIO, et al., Plaintiffs,

v.

BOISE CASCADE CORPORATION, et al., Defendants.

No. C–77–0937 RFP.

United States District Court, N. D. California.

July 12, 1982.

Richard B. McDonough, Carroll, Burdick & McDonough, San Francisco, Cal., Edward L. Lascher, Lascher & Wilner, Ventura, Cal., for plaintiffs.

Frederick E. Watson, San Francisco, Cal., Thomas H. Gonser, Associate Gen. Counsel, Boise Cascade Corp., Boise, Idaho, Randall I. Barkan, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., William A. Fenwick, Edwin N. Lowe, Davis, Stafford, Kellman & Fenwick, Palo Alto, Cal., Julian Standen, Deputy Atty. Gen., San Francisco, Cal., C. Blaine Morley, Morley, Smith & Burk, Palo Alto, Cal., Edward F. McFetridge, Hauerden, St. Clair, Zappettini & Hines, San Francisco, Cal., Roy M. Brisbois, Overton, Lyman & Prince, Los Angeles, Cal., Martin Titcomb, Nancy E. Smith, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., Tomothy W. Salter, Cardozo, Nickerson & Martelli, Modesto, Cal., Ran-

dall W. Wulff, Farella, Braun & Martel, David Rudy, Feeny & Sparks, San Francisco, Cal., for defendants.

## ORDER

PECKHAM, Chief Judge.

On May 21, 1973, this court entered a final order approving the settlement in *McCubbrey v. Boise Cascade Home & Land Corp.*, No. C–72–0470 RFP. On May 6, 1977, one of the members of the class of plaintiffs in *McCubbrey* filed a second class action—the instant case—seeking an order vacating the *McCubbrey* judgment. The defendants in this case are the defendants in *McCubbrey*, the attorneys who represented the defendants in *McCubbrey*, and the attorneys who represented the plaintiffs in *McCubbrey*. The primary allegations in the instant case were that the *McCubbrey* settlement should be set aside because it was procured through fraud upon the court and because the attorneys for all parties colluded to commit such a fraud. On March 31, 1978, we granted the summary judgment motions of the Attorney General and the private attorney defendants, and denied the plaintiffs' cross motion for partial summary judgment. See the opinion in support of our order, *Valerio v. Boise Cascade Home & Land Corp.*, 80 F.R.D. 626 (1978), *affirmed*, 9 Cir., 645 F.2d 699 (1981). On August 21, 1978, we granted the summary judgment motions and motion to dismiss of the remaining defendants. *Id.*

The defendants in the instant case now move for the imposition of sanctions against Ernest Thayer, Esq., the attorney who prosecuted the present action. Having reviewed all filings submitted in support of and in opposition to this motion, and having heard argument of counsel, we hereby deny the defendants' motion for imposition of sanctions.

We note that one of the attorney defendants in the instant case is suing Mr. Thayer and the *Valerio* plaintiffs in state court for malicious prosecution in connection with the bringing of the present action. We wish to make clear that it was never our intention for any comments which we made in grant-ing the defendants' summary judgment motions to be the basis for state claims against Mr. Thayer. We do not feel that it would be appropriate to impose sanctions against Mr. Thayer here in any case; and we are particularly disinclined to do so given the fact that there is pending litigation at the state level addressing the question whether the instant action was prosecuted maliciously.

Mr. Thayer's motion for an evidentiary hearing on the defendants' motion for sanctions is likewise denied.

SO ORDERED.