UNITED STATES of America ex rel.
James P. FREE, Jr., Petitioner,

v.

Howard PETERS, III, Michael P. Lane
and Neil F. Hartigan, Respondents.

No. 89 C 3765.

United States District Court,
N.D. Illinois, E.D.

June 17, 1993.

Kimball Richard Anderson, Winston &
Strawn, Chicago, IL, for plaintiff.

Vincenzo Chimera, Paula J. Giroux, Arleen
C. Anderson, Illinois Atty. Gen.'s Office, Jack
Donatelli, U.S. Atty.'s Office, Richard
Schwind, Atty. Gen.'s Office, Chicago, Il, for
defendants.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This court retains jurisdiction over this
cause for the limited purpose of either (1)
denying respondents' emergency motion to
vacate judgment, or (2) indicating that we
are inclined to grant the motion so that
respondents may request the Seventh Circuit
to remand the matter. *See Free v. Peters,*
Nos. 92–3618 & 92–3711 (7th Cir. Dec. 16,
1992). The gravamen of respondents' emer-
gency motion, brought pursuant to Federal
Rule of Civil Procedure 60(b), is that state-
ments made by both Kimball Anderson, one

of Free's attorneys, and James Bailinson of the MacArthur Justice Center that "[t]he only involvement by Free and his attorneys in the creation or conduct of the 1990 Zeisel study was the grant of permission to use the facts of the *Free* case," has later proven untrue. As such, respondents contend that the factual basis upon which we concluded that Free had met the cause and prejudice test for failing to factually develop his legal claims has been destroyed. Thus, respondents request that we vacate the judgment entered on September 24, 1992, by which we granted Free's petition for writ of habeas corpus. Additionally, contending that Free's attorneys knowingly presented false testimony at the evidentiary hearing before Magistrate Judge Bernard Weisberg and knowingly signed a brief containing misrepresentations of fact, respondents press for Rule 11 sanctions.

To aid the court in the resolution of these matters, on November 30, 1992, we referred the emergency motion to Magistrate Judge Weisberg to "conduct an expedited hearing and submit to this court a report and recommendation as early as possible regarding whether this court's order dated September 24, 1992, should be vacated in light of the allegations in respondents' motion." In the event that respondents' allegations proved meritorious, the Magistrate Judge was to address the issue of Rule 11 sanctions. Magistrate Judge Weisberg filed and served upon the parties his Report and Recommendation on April 22, 1993. In the end, Magistrate Judge Weisberg recommends that we deny respondents' emergency motion to vacate judgment and that respondents' counsel, Arleen C. Anderson, be censured under Rule 11. With leave of court, on May 21, 1993, respondents filed their objections to the Magistrate Judge's Report and Recommendation.

Respondents begin their attack on the Report and Recommendation with two procedural challenges to the Magistrate Judge's

handling of the instant referral. First, without additional comment, respondents seek to avoid the substantive recommendations because of Magistrate Judge Weisberg's "failure to conduct an expedited hearing in this matter after clearly being ordered to do so by this court." To the extent that the proceedings before the Magistrate Judge were not accelerated to respondents' satisfaction, as respondents are fully aware, that circumstance is attributable to Magistrate Judge Weisberg's protracted illness. Respondents' attempt to benefit from this misfortune is not only disingenuous, but also in bad taste.

Second, respondents object to the recommendation [1] that its motion for leave to conduct post-trial discovery be denied. At the threshold, we observe that the flexible discovery provisions of the Federal Rules of Civil Procedure are applicable only to the period of time between the pleadings and trial. In that "a request for discovery for the purpose of attacking a final judgment involves considerations not present in pursuing discovery in a pending action prior to judgment ... [*i.e.,*] the public interest of the judiciary in protecting the finality of judgments," *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir. 1976), courts generally embrace restrictive discovery rights post-trial, requiring a prima facie demonstration of success on the merits. *See Goldy v. Beal*, 91 F.R.D. 451, 455 (M.D.Pa.1981). For instance, parties seeking to avoid judgment on the basis of Rule 60(b)(3) ordinarily are required to make a prima facie showing of fraud in order to be entitled to discovery after judgment. *H.K. Porter*, 536 F.2d at 1118; *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 647 (N.D.Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981). Likewise, those seeking post-judgment relief under Rule 60(b)(2) will not be afforded post-trial discovery unless, at a minimum, the newly discovered evidence relied upon "could not have been discovered

---

1. As noted by Magistrate Judge Weisberg, the role of a magistrate in deciding a motion for post-trial discovery is unclear. While we are inclined to agree with Magistrate Judge Weisberg that, being a non-dispositive matter, the "clearly erroneous or contrary to law" standard of review

of Fed.R.Civ.P. 72(a) applies to grant and denial of post-trial requests for discovery, we proceed with an overabundance of caution. As such, we will treat the Magistrate Judge's "rulings" as recommendations, subject to the close scrutiny of *de novo* review.

in time to move for a new trial under Rule 59(b)." *See* Fed.R.Civ.P. 60(b)(2). In the instant case, respondents have made serious allegations of misconduct on the part of Free's attorneys. Nonetheless, as did Magistrate Judge Weisberg, we find that respondents' proffer in support of these allegations falls short of a prima facie showing of fraud. Additionally, as did Magistrate Judge Weisberg, we believe that respondents' conduct in relation to this information prior to judgment precludes additional discovery at this late date. For these reasons, we overrule respondents' objection and deny the motion for leave to conduct post-trial discovery.

 While respondents have filed a plethora of objections respecting Magistrate Judge Weisberg's substantive appraisal of the emergency motion, this court need only concern itself with those objections regarding the materiality of the alleged misrepresentations. To be sure, respondents have successfully refuted earlier claims that Free's attorneys had no involvement in the design or administration of the Zeisel surveys. Magistrate Judge Weisberg, however, found the actual involvement of Free's attorneys to be incidental and, hence, immaterial in that such involvement would not affect the court's conclusion regarding the issue of cause and prejudice. Magistrate Judge Weisberg's conclusion is not without persuasive factual and legal bases. However, this court need not make such a determination, as we believe that the legal issue itself is immaterial to the grant of Free's petition for habeas relief.

At the outset, we observe that Free has not procedurally defaulted Grounds 5, 10 or 14. *See United States ex rel. Free v. Peters,* 778 F.Supp. 431, 435 n. 3 (N.D.Ill.1991). In that Free had "fairly presented" these claims to the Illinois Supreme Court, which in fact considered the issues in the light of the applicable provisions of the United States Constitution, no adequate and independent state ground exists to preclude consideration of these otherwise cognizable federal issues on federal habeas review. As such, within the context of the procedural default doctrine, whether new evidence exists undermining our prior determination that Free had

met the cause and prejudice test is irrelevant.

The effect of the Supreme Court's adoption of the cause and prejudice standard in *Keeney v. Tamayo–Reyes,* —— U.S. ——, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), is that "federal evidentiary hearings will generally be *mandatory* only if the state has contributed to a prisoner's failure to develop material facts, such as by withholding evidence or by providing constitutionally ineffective counsel at trial." *Leading Cases,* 106 Harv.L.Rev. 163, 303–04 (1992). As a result of our previous holding that Free had established cause for and prejudice from his failure to factually develop Grounds 5, 10 and 14 in the state courts, *see United States ex rel. Free v. Peters,* 806 F.Supp. 705, 710–11 (N.D.Ill. 1992), Free was entitled to an evidentiary hearing as a matter of right. To the extent that respondents' present assertions obliterate Free's entitlement to an evidentiary hearing as a matter of right, this court nonetheless retains the *discretion* to conduct such a hearing. *See Keeney,* —— U.S. at ——, 112 S.Ct. at 1727 (O'Connor, J., dissenting); *Pagan v. Keane,* 984 F.2d 61, 63–64 (2d Cir. 1993) ("As Justice O'Connor observed in dissent, 'the district courts ... still possess the discretion, which has not been removed by today's opinion, to hold hearings even when they are not mandatory.' "); *Burden v. Zant,* 975 F.2d 771, 775 n. 13 (11th Cir.1992) ("*Keeney* did not affect a federal court's discretion to hold an evidentiary hearing on material facts not adequately developed in state court, even if the hearing is not mandatory."); *see also Townsend v. Sain,* 372 U.S. 293, 318, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963):

> The purpose of the test is to indicate the situations in which the holding of an evidentiary hearing is mandatory. In all other cases where the material facts are in dispute, the holding of a hearing is in the discretion of the district judge. If he concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing. But he need not. In every case he has the power, constrained only by his sound discretion, to receive

evidence bearing upon the applicant's constitutional claim.

Given the strength of the evidence proffered (*i.e.*, the Zeisel studies), the existence of a factual dispute regarding the studies' validity, and that the Illinois state courts have not considered this material evidence in any prior proceeding, the hearing before Magistrate Judge Weisberg constitutes an exercise of this court's sound discretion from which we will not waiver, regardless of whether a hearing was mandatory under *Keeney*.

■ Of course, while inconsequential to the motion to vacate judgment, alleged misrepresentations regarding the involvement of Free's attorneys in the design and implementation of the Zeisel studies do impact upon the integrity of the proceedings, and may serve as the basis for Rule 11 sanctions. Magistrate Judge Weisberg, however, despite concluding that the full extent of the relationship between Free's counsel and the researchers had not been disclosed, did not recommend sanctions against Free's attorneys, Kimball Anderson and Bruce Braun. It appears that Magistrate Judge Weisberg did not believe that either attorney intended to deceive the court. As the evidence presented before the Magistrate Judge in fact supports this finding, we agree that sanctions are not warranted against Anderson or Braun.

By the same token, we do not believe that respondents' counsel, Arleen C. Anderson, should be censured under Rule 11. The impetus behind the Magistrate Judge's *sua sponte* recommendation of sanctions against Arleen Anderson appears twofold. First, "there was no reason that [respondents] could not hear and consider [Kimball Anderson's] explanations [regarding the discrepancies between the testimony at the hearing and his firm's timesheet entries] before publicly charging him and his colleagues with serious ethical violations." Report and Recommendation at 28. Second, respondents' emergency motion to vacate contains an inaccurate allegation that Bruce Braun had signed Free's Reply to Respondents' Post–Trial Brief. *Id.* There is no doubt that accusations of attorney wrongdoing are serious and ought not to be made without substantial support. In this vein, respondents' unwillingness to consider Kimball Anderson's

explanation prior to filing the emergency motion borders on irresponsible. Nonetheless, respondents' motion was supported by the above described inconsistencies and, thus, cannot be considered completely baseless. Further, we accept respondents' assertion that the haste in filing the motion was precipitated by the status of the case on appeal. Likewise, it appears that the inaccurate allegation regarding Bruce Braun was nothing more than a clerical error which respondents, upon learning of the error, promptly withdrew. For these reasons, despite Magistrate Judge Weisberg's recommendation to the contrary, we decline to sanction respondents' counsel, Arleen C. Anderson.

In sum, after careful consideration of respondents' emergency motion to vacate judgment, the applicable memoranda of law, other relevant pleadings, the Magistrate Judge's Report, and respondents' objections thereto, this court takes the following action: (1) Magistrate Judge Weisberg's Report and Recommendation is adopted in part; (2) respondents' objections are overruled in part and sustained in part; (3) respondents' motion for leave to conduct post-trial discovery is denied; (4) respondent's emergency motion to vacate judgment is denied; and (5) neither Free's attorneys nor respondents' counsel, Arleen C. Anderson, will be censured under Rule 11. It is so ordered.