In re WYATT, INC., Wyco New Haven, Inc., Consolidated Debtors.

Bankruptcy No. 2–93–02872.

United States Bankruptcy Court, D. Connecticut.

June 14, 1994.

Barry S. Feigenbaum and Steven D. Bartlestone, Rogin, Nassau, Caplan, Lassman & Hirtle, Hartford, CT, for debtors.

William S. Fish, Jr., Tyler Cooper & Alcorn, Hartford, CT, for Madison Group, L.P.

Daniel S. Glosband, Paula M. Bagger and Kerry S. Kehoe, Goodwin, Proctor & Hoar, c/o David R. Schaeffer, New Haven, CT, for noteholders.

### RULING ON MOTION FOR PROTECTIVE ORDER

ROBERT L. KRECHEVSKY, Chief Judge.

#### I.

Holders of certain subordinated notes (the noteholders and the notes) of Wyatt, Inc., a Chapter 11 debtor (the debtor), have attempted to obtain post-trial discovery, including several depositions and a request for production of documents, in aid of their motion for reconsideration of the court's disallowance of their claims and for a new trial on the debtor's objection to their claims. The debtor has moved for a protective order to prevent the requested discovery. For reasons contained herein the court grants the motion and quashes all notices of deposition and requests for production of documents.

#### II.

The noteholders are former stockholders of the debtor who, in connection with a pre-petition recapitalization transaction (the recapitalization transaction), exchanged a portion of their common stock for the notes. Approximately eighteen months after the recapitalization transaction closed, the debtor filed for relief under Chapter 11. In connection with a plan of reorganization subsequently proposed by the debtor and confirmed on May 9, 1994 by the court,[1] the debtor, supported by the unsecured creditors' committee, objected to the noteholders' claims. The court, after unlimited pre-trial discovery, seven trial days, and submission by the parties of post-trial briefs accompanied by proposed findings of fact and conclusions of law, sustained the debtor's objection

1. The noteholders and one secured creditor appealed the order of the court confirming the plan. The noteholders sought no stay of the order of confirmation. The secured creditor did request such a stay, but the court denied its request and no review of that denial apparently has been taken. The debtor's plan, consequently, has been consummated, with unsecured creditors receiving their 38% cash dividend, new equi-

ty infusions made and corporate stock transactions of the reorganized debtor completed, and the secured creditors' mortgages modified. The plan expressly conditioned consummation upon entry of a court order sustaining the debtor's objection to the claims of the noteholders. Although the debtor has raised an issue of mootness in light of the plan consummation, the court ruling does not address that contention.

to the claims by a ruling entered into the record on May 9, 1994.

The court's ruling determined that the notes were void and unenforceable because they were issued, in violation of Conn.Gen. Stat. § 33–358(e), as part of a stock redemption at a time when the debtor was insolvent because it was unable to pay its debts as they became due in the usual course of business. The court found that prior to the recapitalization transaction the debtor had been unable to make two quarterly principal payments on $8.4 million of bank debt owing to NMB Postbank Groep NV (NMB), Wyatt's primary long-term lender, and that NMB had accelerated the debt and filed suit to enforce its rights under the loan agreement. The court further found that the debtor was overdrawn by $3.7 million on its working capital facility with Bank Brussels Lambert (BBL). The debtor owed BBL approximately $22 million under this facility, and BBL had denied the debtor's request for additional advances or for access to the cash collateral securing the credit facility. The court next found, based on testimony provided by the debtor's witnesses, that the debtor was not paying its trade debt, estimated at approximately $2 million, according to terms. The court additionally found that, due to the debtor's experiencing substantial and unexpected operating losses totaling over $4 million during a two-and-one-half month period preceding the recapitalization transaction, along with the debtor having to make, within three weeks after the recapitalization transaction, margin call payments totaling $3 million to cover trading losses incurred in its oil futures trading activities, the recapitalization transaction did not have the intended effect of curing the debtor's negative working capital position and its inability to pay its debts as they came due in the usual course of business. The court observed that the debtor's new equity owners were required to make additional substantial capital infusions to cover these losses. Given these findings, the court held that the issuance of the notes violated Conn.Gen.Stat. § 33–358(e), and the court therefore sustained the debtor's objection to the claims.

The noteholders, on May 19, 1994, moved pursuant to Fed.R.Bankr.P. 3008 and 9023 for reconsideration of the court's order sustaining the objection to the noteholders' claims and for a new trial on the validity of their claims.[2] In connection with this motion, the noteholders have made a request upon the debtor for the production of documents and have noticed the depositions of four individuals (Timothy Carroll, Shirley D. Mesham, Ray J. Gincavage, and Dennis J. Meagher). The debtor, on May 27, 1994, moved for a protective order quashing the noteholders' request for production of documents and notices of deposition. The noteholders, on June 6, 1994, filed an opposition to the debtor's motion for protective order. The court, on June 7, 1994, held a hearing on the motion and reserved decision on whether the noteholders were entitled to their requested post-trial discovery.

### III.

#### A.

■ The noteholders contend that, pursuant to Fed.R.Bankr.P. 9014 and 9034 and

---

**2.** Rule 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." Fed.R.Bankr.P. 3008; *see also* 11 U.S.C. § 502(j) ("A claim that has been allowed or disallowed may be reconsidered for cause."). Rule 9023 provides that "[Fed.R.Civ.P. 59] applies in cases under the Code, except as provided in Rule 3008." Fed.R.Bankr.P. 9023.

The Advisory Committee note to Rule 9023 explains that the exception of Rule 59's application to orders allowing or disallowing claim is only to the ten-day time limit in Rule 59. *Id.* (Advisory Committee Note). When a Rule 3008 motion for reconsideration of an order disallowing a claim is made in conjunction with a Rule 59 motion for new trial, the Rule 3008 motion is considered identically with the Rule 59 motion.

*See In re Aguilar,* 861 F.2d 873, 875 (5th Cir. 1988).

Rule 59(a) provides the grounds upon which a new trial may be granted:

A new trial may be granted to all or any of the parties and on all or part of the issues ... in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Fed.R.Civ.P. 59(a), *incorporated by* Fed.R.Bankr.P. 9023.

Fed.R.Civ.P. 34, they are entitled to their post-trial discovery as of right. The noteholders argue that a Rule 3008 motion for reconsideration initiates a new contested matter governed by Fed.R.Bankr.P. 9014, *see, e.g., In re Crafty Fox, Ltd.,* 3 B.R. 657, 661 (Bankr.W.D.Va.1980), which grants the noteholders new discovery rights to the same extent they would have discovery rights in any other contested matter. Should the court determine that the requested discovery may be obtained only by leave of court, the noteholders argue alternatively that they have demonstrated in their papers sufficient need for the additional limited discovery they have requested and that leave should be granted.

There is a dearth of cases discussing a party's right to post-trial or post-judgment discovery other than discovery pursuant to Fed.R.Civ.P. 69(a) in aid of enforcing a judgment or execution. *See H.K. Porter Co. v. Goodyear Tire & Rubber Co.,* 536 F.2d 1115, 1118 (6th Cir.1976) (finding no cases dealing with the right to post-judgment discovery); *Valerio v. Boise Cascade Corp.,* 80 F.R.D. 626, 646 (N.D.Cal.1978) (noting the paucity of authority concerning the question of post-judgment discovery), *aff'd,* 645 F.2d 699 (9th Cir.), *cert. denied,* 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981). No bankruptcy cases have discussed what effect, if any, Rule 3008 may have on a party's post-trial discovery rights. The court questions the noteholders' reliance on *In re Crafty Fox* for their argument that filing a Rule 3008 motion gives a losing party additional new discovery rights. As the Advisory Committee note to Rule 3008 states, "[r]econsideration of a claim that has been previously allowed or disallowed after objection is discretionary with the court.... The court may decline to reconsider an order of allowance or disallowance without notice to any adverse party and without affording any hearing to the movant." Fed.R.Bankr.P. 3008 (Advisory Committee Note). Because no party has a right to have its claim reconsidered by the bankruptcy court, it does not seem appropriate to say that a party may obtain full discovery rights without leave of court merely by filing a Rule 3008 motion.

Determining whether the noteholders may request their discovery as of right or only by leave of court is not necessary for the present purposes, however, because even if the noteholders have the right to engage in post-trial discovery, there is no question that the scope of discovery is always within the control and discretion of the trial court. *See H.K. Porter Co.,* 536 F.2d at 1119 ("[T]he scope of discovery is within the discretion of the trial judge."); *Ross v. Bolton,* 106 F.R.D. 22, 23 (S.D.N.Y.1985) (noting that trial courts "are granted wide discretion in supervising the extent of discovery" and must "balance the interests of the litigant in obtaining information against the costs of providing it"). In the context of post-trial discovery, "it is well within [the trial court's] discretion to require the moving party to make a showing in support of its allegations before requiring the prevailing party to submit a second time to extensive discovery to protect his judgment." *H.K. Porter Co.,* 536 F.2d at 1119. While courts are bound to enforce a party's rights to the extensive pre-trial discovery provided for by federal discovery rules, substantially different considerations exist in granting post-trial discovery. In the *H.K. Porter Co.* decision affirming the district court's denial of post-judgment discovery in connection with a Rule 60(b) motion for relief from judgment, the Sixth Circuit explained that

> a request for discovery for the purpose of attacking a final judgment involves considerations not present in pursuing discovery in a pending action prior to a judgment. Primary among these considerations is the public interest of the judiciary in protecting the finality of judgments.

536 F.2d at 1118; *accord, Goldy v. Beal,* 91 F.R.D. 451, 455 (M.D.Pa.1981) (adopting the *Porter* rationale "that post-judgment discovery must be assessed according to policies quite apart from those at stake in the period before trial" and noting that the "normal rules concerning interrogatories and requests for documents do not apply" in the context of a party assessing the possibility of a Rule 60 motion); *U.S. ex rel. Free v. Peters,* 826 F.Supp. 1153, 1154 (N.D.Ill.1993) (quoting *Porter* with approval and observing that "the flexible discovery provisions of the Federal

Rules of Civil Procedure are applicable only to the period of time between the pleadings and trial"); *Hartford Accident & Indem. Co. v. Levensaler (In re Levensaler)*, 13 B.R. 140, 143 (Bankr.D.Conn.1981) (discussing the need to protect the "spirit of finality implicit in all judgments" as reason for denying the debtor's request for post-judgment discovery in connection with a Rule 60(b) motion). While these cases considered the efficacy of granting post-trial discovery in connection with a Rule 60(b) motion rather than a Rule 59(a) motion for new trial, the policy of supporting the finality of judgments should be of similar importance in motions brought under Rule 59(a).

 The question thus becomes whether the noteholders have made a sufficient showing that they be allowed to obtain their requested discovery. The standards of a Rule 59 motion will govern the noteholders' motion for reconsideration and new trial based on their claim of newly discovered evidence, false and misleading testimony, and discovery misconduct. *See Aguilar*, 861 F.2d at 874 (holding that a Rule 3008 motion filed within ten days of entry of the court's order allowing or disallowing a claim is analogous to a Rule 59 motion). In the Second Circuit, a trial court may grant a Rule 59 motion for reopening a trial based upon newly discovered evidence if

the [evidence] (1) is in fact newly discovered, i.e., discovered since the trial; (2) could not with due diligence have been discovered earlier; (3) is not merely cumulative or impeaching; (4) is material to the issues; and (5) is such that upon a retrial it would probably produce a different result.

*United States v. All Right, Title & Interest in Property*, 753 F.Supp. 121, 126 (S.D.N.Y. 1990) (quoting *Gemveto Jewelry Co. v. Jeff Cooper, Inc.*, 613 F.Supp. 1052, 1058 (S.D.N.Y.1985), *vacated on other grounds*, 800 F.2d 256 (Fed.Cir.1986); *see also Champion Spark Plug Co. v. Gyromat Corp.*, 88 F.R.D. 526, 527 (D.Conn.1980), *aff'd*, 636 F.2d 907 (2d Cir.1981)). A motion for new trial under Rule 59 may also be granted based on the recantation of a material witness or for demonstrated false, misleading, or mistaken testimony. *Harrison v. United*

*States*, 7 F.2d 259, 262 (2d Cir.1925) (stating that trial court may consider granting new trial if a witness recants); *Antevski v. Volkswagenwerk Aktiengesellschaft*, 4 F.3d 537, 540 (7th Cir.1993) ("If a verdict is based on false testimony, the district judge has the discretion under Rule 59 to grant the injured party a new trial."); *Isley v. Motown Record Corp.*, 69 F.R.D. 12, 16 (S.D.N.Y.1975) ("[I]t is the duty of the trial judge to set aside a verdict and grant a new trial if, in his opinion, the verdict is based upon evidence which is false...."). The court reviews the noteholders' argument for post-judgment discovery and their asserted prima facie offer of proof with these standards in mind.

**B.**

The noteholders base their motion for reconsideration and new trial, and hence the necessity for their discovery requests, on the following grounds:

(1) the asserted false and misleading testimony of one of the debtor's witnesses, Michael Lincoln, concerning (a) his statement that accounts payable were being stretched beyond their stated terms, and (b) his knowledge of the nature and extent of the debtor's futures-trading activities and the losses associated with those operations;

(2) Dennis J. Meagher, a witness for the debtor who testified on the debtor's trade debt payment history and its ability to meet payments on its bank debt, would recant his testimony;

(3) the debtor's failure to acknowledge and produce documents relating to trade payables, which documents may demonstrate that the debtor was timely paying its trade debt;

(4) the court's incorrect finding that the debtor was unable to make the principal payments due on its NMB bank debt when in actuality the debtor had never determined whether it could make the payments because it had been ordered by Timothy Carroll, who represented the debtor's current equity owners, not to make the payment in order to maintain a favorable ne-

gotiating stance with NMB over the restructuring of that debt;

(5) the failure of the court to acknowledge a course of dealing that had evolved with BBL regarding how and when the debtor cured overdrafts of its working capital facility.

■ The noteholders contend that the above grounds constitute a prima facie showing for the granting of post-trial discovery in connection with their motion for reconsideration and new trial. The court disagrees. After considering the noteholders' offer of proof and the record as a whole, the court determines that the noteholders have not made a sufficient demonstration that their post-trial discovery requests should be granted. The noteholders readily admit that Lincoln's allegedly perjured testimony that he lacked knowledge of the extent of the debtor's futures trading positions and losses was not a relevant issue in the objection to claims hearing, See Noteholders' Opposition to Protective Order at 12 n. 5, and that this new testimony, if available, would only go to impeach Lincoln's other testimony. Newly discovered evidence that only serves to impeach a witness is not a sufficient ground for granting a Rule 59 motion for new trial. *United States v. All Right, Title, & Interest,* 753 F.Supp. at 126.

In response to the noteholders' assertion that Meagher would recant his trial testimony regarding the debtor's payment of its NMB and BBL bank debt, the debtor has submitted Meagher's sworn statement that he objects to the noteholders' characterization of his post-trial discussions with the noteholders, and that he agrees with the court's finding that the debtor could not make principal payments on its bank debt. Meagher specifically averred that he had no "new" testimony that he believed would be relevant on the issue of the debtor's ability to make the NMB payments.

The court further concludes that the noteholders' assertions are insufficient to establish their need for post-trial discovery regarding the debtor's payment of its trade debt. The "newly discovered evidence" of-

fered by the noteholders, even if established, would not change the outcome of the court's ruling, given that the debtor's trade debt comprised a relatively small portion of its overall debt structure. *Cf. In re Win–Sum Sports, Inc.,* 14 B.R. 389, 392 (Bankr.D.Conn. 1981) (citing *In re All Media Properties, Inc.,* 5 B.R. 126, 142–43 (Bankr.S.D.Tex. 1980), *aff'd,* 646 F.2d 193 (5th Cir.1981)).

The court notes finally that the noteholders' remaining contentions pertain to issues raised during the trial, and that the noteholders have not offered any persuasive reason why these issues should be subjected to post-trial discovery prior to the hearing on their motion for reconsideration and new trial.

Because the noteholders have failed to make a sufficient showing that their requested discovery would lead to any new evidence that might alter the result in this matter, the court concludes that it is well within the reasonable exercise of its discretion to deny the noteholders' request for additional discovery to support their pending Rule 59 motion.

### IV.

For the reasons expressed, the debtor's motion for protective order is granted. The noteholders are not entitled to any post-trial discovery in connection with their motion for reconsideration and new trial, and the notices of deposition and request for production of documents are quashed. It is

SO ORDERED.